James J. Cravens and another v. Henry L. Brooke.

Where the law gave a right of pre-emption to any person who should settle upon and improve a portion of the vacant public domain, which " has been neither " filed upon, entered, located nor surveyed by virtue of some genuine, legal and " valid certificate, or other evidence of title to land, previous to such settle-"ment and improvement," it was construed to mean the same as if it had said " on which there is not at the time a subsisting file, entry, location or survey " of," &c.

Where a person, with or without right, has settled upon and improved land which has been located or surveyed, and by failure to make or return the survey within the time required by law, or other cause, the land becomes vacant, such settler, the moment the land becomes vacant, is in the position of a pre-emptioner, and if he continues on the land, and applies in proper time, counting from the date when the land so became vacant, he cannot be deprived of his right of pre-emption, by locations made after the land became vacant and before he took any step to secure his right, or even knew the land was vacant.

The only condition which the law imposes, is that of settlement and improvement on vacant land. The acts of the applicant are alone the subject of inquiry. Was the land vacant, and has it been settled and improved ? and not what the settler thought, or imagined, or supposed about the title, or whether he imagined it vacant or otherwise.

The case before us is not one where the location was made on the day the land became vacant, or where a settler had been holding in trust for another. No question of that character, or whether the rights of the settler can be affected by such considerations, is before us for examination.

Cravens v. Brooke.

Appeal from Shelby. Tried below before Charlton Payne, Esq., who was appointed by the parties.

*R. S. Walker*, for appellant. In conclusion, we contend, that to constitute a settler, within the meaning of the law, the party must be on the land and declare his intention to appropriate it, by giving notice of a character as notorious and public as actually settling and improving the land ; and that to bind persons innocent of his claim as a pre-emptioner, his assertion of a claim should have been filed in the office of the County Surveyor ; and that nothing less would be fair and reasonable diligence and notice to one ignorant of his intention to claim the land. And we contend that he can have no exclusive rights until he makes the claim, knowing of the vacancy, and desiring to make the appropriation. We insist that the benefits of the law cannot extend to one who neither directly nor impliedly has agreed to the contract and terms offered by the State. And we further submit that the consideration claimed by the State, and the " reason and spirit of the law " exact the improvement of the public domain, and that the improvements made when the land was located years previously, could not be attached to his presence on the land, to supply the requirement to improve the land. For while the policy may be to encourage emigration by giving homes, yet that policy equally extends to the improvement of the wild and unsubjected wilderness. That cultivation and improvement is the additional wealth to the country, over and above the improvements made on appropriated lands which the State demands before she consents to part with the land.

These improvements were made by no pre-emptioner, but were made in the ordinary course of industry by the citizen ; the resident, contra-distinguished from the settler on unappropriated land. The State did not, in such case, receive the equivalent for which she had contracted, and the evidence

shows that the improvements made as stated, were so made before the land was vacant.

As the rights of the plaintiff depend upon the character he assumed as a claimant on the bounty of the Government, and not literally a settler on the land, when it became vacant, and rights of third persons have intervened, under circumstances which conveyed to them no notice of a pre-emption claim, other than that of residence, he must do equity before he can demand it. He must at least show that he intended and would have appropriated it, and intended so to do independently of the defendant's file, which implies that he should have known of the vacancy, and intended to appropriate before defendants filed. For a case analagous in principle, see Harrison v. Woodruff, 6 Dana, 188 ; see also Balfour v. Meade, 1 Wash. C. C. R. 18 ; McLaughlin v. Maybury, 4 Yates, 534 ; Clemmens v. Gottshall, Id. 330.

*O. M. Roberts*, for appellee. Brooke's right depended on the question, Did he have eight months allowed him in which to make his application for his survey, &c., the same as if he had first settled upon the land the day after it became vacant ? (See Hart. Dig. Art. 2130 and 2135 ; Acts of Legislature, 4th Vol., 10th Feb., 1852, p. 59, Sec. 8.) If Brooke had moved off of the land ten days or ten minutes before the land became vacant, and had moved back and settled on the same land ten days or ten minutes after the land became vacant, there could be no doubt that he would have been entitled to the preference during eight months succeeding over and above any other survey. (See Hart. Dig. Art. 2135.) Why should the law require him to abandon the premises for the period of twenty minutes, and then return again in order to get the benefit of his eight months preference ?

The right to property depends upon existing facts, and not upon the owner's knowledge of those facts. By want of that knowledge he may lose that right by limitation or laches. But

Cravens v. Brooke.

until the period of limitation has expired the right is vested. The facts that it is vacant land and that the settlement and improvements are made, vest the right of preference, exclusive; and that lasts or is not barred, until eight months from the time of the concurrent existence of those essential facts of vacancy and settlement.

Nor is the party's intention to avail himself of this preference any more material; for this bounty of the Government is not based on a contract, but on the existence of a certain state of facts. There must be an intention to live upon and improve the land; that is a different thing, and is involved in the fact of settlement. But the right of preference once acquired by the concurrent existence of facts, the intention to purchase, to locate, or claim a pre-emption, or to abandon it, may alternate daily, and the preference is not divested, because it does not change or destroy the facts on which the preference is based.

HEMPHILL, CH. J. The appellee, Henry L. Brooke, under some arrangement with one Fink, the administrator of a deceased owner of the Haly league survey in Shelby county, entered upon, settled and improved, in the year 1849, a portion of said survey. The certificate of Haly was never recommended for patent. Several years after the survey for Haly, the headrights of others were located on the land, but no surveys were made on these last locations, and on the 11th February, 1853, the land became vacant by operation of the Act of the 10th February, 1852. On the 24th March, 1853, one of the appellants, James J. Cravens, located three one-third of a league claims, upon the original survey, and Richard Hooper also located 476 acres. Cravens was not one of the locators before the 11th February, 1853; and though Richard Hooper had located a portion of the league before that date, yet it does not appear that his location subsequent of 476 acres, was on the land claimed in this controversy; or, in fact, whether any land

would remain for his location, after the locations for Cravens were satisfied. In the meantime, the appellee continued to reside at his improvement upon the land, and on the 12th April, 1853, appeared before the county surveyor, and claimed a preemption of three hundred and twenty acres, tendered the surveying fees, and took an oath intended to be in compliance with the law, (Hartley's Digest, Art. 2135,) so as to entitle him to the survey without the necessity of furnishing a certificate. On the 30th of August, 1853, he renewed the oath, but more fully, and specifying the facts showing that the land was public, vacant domain on the 12th February, 1853, at which time he claims to have become a settler, and applying for the survey of his pre-emption of 320 acres. The surveyor refused; and this suit was instituted for a mandamus to compel a survey.

The ground of refusal by the surveyor was the previous locations of 24th March, 1853, by Cravens and Hooper, the appellants, upon which partial surveys were made. The locators, Cravens and Hooper, subsequently appeared and made themselves parties defendants.

The leading question in this case is, whether the continued residence of Brooks, after the land became vacant, at his settlement and improvement previously made on the land, was tantamount to a new settlement by him upon such land, so as to bring him within the purview of the Act of 1845, (Hart. Dig. Art. 2130,) and give him a valid claim to a pre-emption. This Act declares that individuals who have settled upon and improved, or might thereafter settle upon and improve, a portion of the vacant public domain which has been neither filed upon, entered, located nor surveyed, by virtue of some genuine legal and valid certificate or other evidence of title previous to such settlement and improvement, shall have the privilege of locating, &c., three hundred and twenty acres, &c., so as to include his improvements, &c.

The facts which must concur to give the preference under the law, are, that the land must be vacant, and there must be a settlement and improvement by the applicant. The settlement

of the appellee on the land  previous to  14th February, 1853,. goes for nothing in  his favor.  Nor do the locations made previous to that time  injuriously affect his. present  claim.   His trespass and  the locations ceased together on the 11th February, 1853.  The land then became vacant and open to location or pre-emption.  The land being vacant, the appellee continued -to reside at his improvements previously made, in the full exercise of the powers and privileges of  a settler, without adverse claim, until the lapse of about forty days, when locations were filed by appellants.

It will  be admitted, it is presumed, that if Brooks had removed from and abandoned  the  land  on the 12th February, 1853, and had returned on the 13th and resumed his occupancy and continued his cultivation and  improvements, he would be entitled to the benefit of the pre-emption Act.  Can the fact of his continuing on the land make any difference ?   Does it show less significantly than abandonment and re-entry, the intention to occupy as a  settler and  improver ?   The settlement and improvement are pre-requisite to the grant.   They must be accompanied with such circumstances as show an intention of remaining, to  entitle  the  claimant to the bounty.  A  casual trespasser or camper cannot  claim  the preference.   But what circumstances could show more strongly an intention to remain, than the acts of appellee ?   His home had been on the land for years, and though abandonment and re-entry might be evidence of his intention to remain, it would not be so conclusive as continuous residence.

But it is said that the  appellee was  ignorant of the fact of the vacancy of the land, until after the locations by the appellants, and that the appellee is not  entitled, as, until he  knew the land was vacant, he cannot be presumed to claim the benefit of pre-emption, or make  the settlement which, under the law, would give him the right.  The rights of the appellee do not depend upon his knowledge or ignorance of the facts, except so far as this may be supposed to affect his intention of

settling or remaining upon the land. A settler might enter on lands not knowing them to be vacant, claiming under a fraudulent land certificate, or under surveys which had not been returned as by law required, believing them to be valid, but notwithstanding this mistake, he would be entitled to the pre-emption, if he had complied with the essential prerequisites of settlement and improvement.

The only condition which the law imposes, is that of settlement and improvement on vacant land. The acts of the applicant are alone the subject of inquiry. Was the land vacant, and has it been settled and improved? and not what the settler thought or imagined or supposed about the title, or whether he imagined it vacant or otherwise.

A person who is settled on the land at the time it becomes vacant, and continues his settlement and improvement afterwards, cannot be said to be less a settler, than he who settles and improves after the land becomes vacant. If he remain on lands previously his home, that is assuredly his settlement, as much, if not more so, than if he had just entered. The law is for the encouragement of settlers, and he who is on the farm, is entitled, if he remain, to at least as much protection, as he who would enter upon and convert the toils and labor of another to his own advantage. Let us suppose a case where one enters under a valid cirtificate and survey, but which subsequently became void for want of a due return. If he remain and continue his settlement, he cannot be deprived of the pre-emption, though he may be ignorant of the law requiring the return, and the land may have been vacant forty days or more before he was apprised of the fact. His continued residence and improvement are notice to the world of his intention and of his right within eight months to claim the bounty of the government.

The case before us is not one where the location was made on the day the land became vacant, or where a settler had been holding in trust for another. No question of that char-

acter, or whether the rights of the settler can be affected by such consideration, is before us for examination. The appellee had resided on the vacant land for forty days before the location of appellants. He may have been ignorant that the land was vacant. The evidence is not positive as to the fact, but that is immaterial. For he was a settler, and not the less so from not knowing the exact state of the title.

This cause has been argued with great zeal and signal ability by counsel, and other points have been elaborately discussed. But it is not essential that these should be now examined, as the views we have expressed on the leading question are decisive of the cause. We believe that the appellee, under the circumstances of his continued settlement, residence and improvements, is entitled to the benefit of the pre-emption Act of 1845, and it is therefore ordered that the judgment be affirmed.

Judgment affirmed.