## WILLIAM TEEL v. JOHN HUFFMAN.

Where a pre-emption settler suffers the eight months allowed by law to expire, without adopting the proceedings necessary to secure the land, a patent issued in the meantime to another, defeats his claim.

His possession gave him only a right of preference to acquire the title during the eight months, by neglecting to take the proper steps to do so, his preference is lost.

Appeal from Fannin. Tried below before S. H. Morgan, Esq., Special Judge.

Trespass to try title. The defendant set up claim as a pre-emptor in his answer, which plaintiff moved to strike out, because it did not allege that the defendant made application to, and filed an affidavit with the proper Surveyor to secure said land in the mode prescribed by law, &c., which motion was sustained, to which defendant excepted. Verdict and judgment for plaintiff.

*Alexander Berry*, for appellant.

ROBERTS, J. This is an action to try the title to a tract of land.

Plaintiff below claims the land under a patent. The defendant below claims under a pre-emption settlement. When he applied to the Surveyor, and proposed to make the necessary affidavit, and obtain his survey, the patent had already issued. And although eight months had not then expired from the time of his settlement, he suffered it to expire without presenting such affidavit to the Surveyor and demanding a survey, or adopting any such legal proceedings as would secure his right to the survey, and none such have yet been resorted to by him, so that his right depends simply on his possession. Such possession gives no right to the land, further than a mere right of prefererence to acquire the title during the eight months. And if he neglect to take the proper steps, during the time allowed by law, and in fact never does take any such steps, his preference is lost; and any antagonist claim, though inferior to his originally, may, by being diligently pursued and perfected, become superior to his. The defendant also contends that plaintiff must recover upon the strength of his own title, and that the patent is void. The objections taken to the patent are mere irregularities, which do not go to the foundation of the plaintiff's right; and if the defendant had fully shown such objections, they would

not avail him, unless he had shown some right in himself to the land. The patent is *prima facie* a good title. There being nothing shown which makes it void absolutely, the defendant must oppose it by some superior right, which has not been done in this case.

The questions involved in this case have been too often decided to require a reference to authority.

Judgment affirmed.