JOSEPH S. THORNTON v. SARAH A. MURRAY ET AL.

1. REGISTRATION OF JUDGMENTS, DECREES, &c.—The object of articles 4710 and 5023 of Paschal's Digest, requiring that judgments and decrees relating to lands be recorded, &c., is not to prohibit the introduction in evidence of a decree or judgment of the class designated, under all circumstances, until recorded, but only to apply the system of registration to such a judgment or decree, and to deny to a party the right to so introduce it in evidence unless he shows its registration, or facts which make it, as between the parties and under the general provisions of the registration laws, admissible without registration.

2. SAME.—A decree of divorce and adjudging the possession of the homestead of the parties to the wife, said homestead being in another county, is admissible by the wife in defense in an injunction suit brought by a party in possession to enjoin a writ of possession under such decree.

3. SAME—STATUTES CONSTRUED.—Articles 4710 and 5023 of Paschal's Digest, construed.

4. PLEADING.—Where the petition in a suit seeking to enjoin a writ of possession described the land, the defendant in asserting title

11

could properly adopt the description so given without setting it out in full.

5. PREEMPTION—ABANDONMENT.—That a preëmptor in actual possession, after having survey made, had not caused the field-notes to be returned to the general land office within twelve months after the settlement upon the preëmption, is not a forfeiture or abandonment of the preëmption claim.

6. STATUTE CONSTRUED.—Paschal's Dig., art. 7099, construed.

7. SAME.—See facts held insufficient to evidence an abandonment of a preëmption in favor of a subsequent preëmption claimant with full knowledge of the older claim.

8. DECREE OF DIVORCE A FINALITY AS TO THE RIGHTS ADJUDICATED.—A decree adjudging a homestead to one of the parties to a divorce suit is a finality, and one claiming against the interest of both parties to the divorce suit, cannot open up the divorce proceedings in his own defense, against rights of the parties asserted by the successful party in the divorce suit.

APPEAL from Anderson.  Tried below before the Hon. R. S. Walker.

The opinion gives the pleadings, evidence, and result of suit below.

*Greenwood & Gooch,* for appellant.

I. The judgment or decree of any court, by which the title of any tract of land is recovered, shall first be recorded in the clerk's office of the county in which such tract of land may lie, and until so recorded such judgment shall not be received in evidence in support of any right claimed by virtue thereof. (Paschal's Dig., art. 5023.)

II. The defendant, whenever he shall set up title to the land in controversy, or any part thereof, either by possession or otherwise, should plead the same, and in the plea describe the land so claimed by him by metes and bounds, with the same precision as the plaintiff is required to do.  (Paschal's Dig., art. 5295.)

III. The court erred in holding that the land in controversy was not vacant at date of appellant's settlement, and in holding that Sarah A. Bishop and John Bishop had not abandoned said land long prior to appellant's settlement thereon.  (Pas-

chal's Dig., arts. 7045, 7046, 7099*vv*, 7099*ww*, 7099*xx;* Bledsoe *v.* Cains, 10 Tex., 455; Jennings *v.* De Cordova, 20 Tex., 512; Spier *v.* Laman, 27 Tex., 215; Woods *v.* Durrett, 28 Tex., 430; Rodgers *v.* Daily, 46 Tex., 578; Edwards *v.* Beavers, 29 Tex., 507.)

IV. The court erred in failing. to protect appellant in his possession, by perpetuating the injunction sued out, so as to stay or prevent a trespass and irreparable damage to appellant by the execution by the sheriff of the writ of possession which he was about to execute. (2 Story's Eq., sec. 928; High on Injunc., sec. 458 and notes.)

V. The court erred in not granting a new trial upon the production of the newly-discovered evidence of R. W. Wallace, which evidence was material to show that Mrs. Sarah A. Murray had voluntarily abandoned her husband and could claim no interest in his homestead, if he owned one. (Earle *v.* Earle, 9 Tex., 634; Trawick *v.* Harris, 8 Tex., 316.)

*T. T. Gammage,* for appellees.

I. As regards the admission of the judgment in evidence by appellee, in the case of Bishop *v.* Bishop, without it having first been recorded in the county clerk's office, see Paschal's Dig., art. 4710.

The case at bar is not such a case as contemplated by that statute. (Clifton *v.* Lilley, 12 Tex., 130; Davis *v.* Loftin, 6 Tex., 497; Paschal's Dig., art. 4710.)

II. Whatever right or title appellant has in the premises was by him obtained with full knowledge of appellee's right of possession and equities, and so obtained by appellant by fraud, force, and wrong. And so his claim cannot prevail. (Johnson *v.* Eldridge, Tex. Law Jour., Aug. 7, 1878, p. 386.) And in regard to priority of entry and rights thereunder, see McCall *v.* Capehart, 20 Ala., 521; Cram *v.* Ingalls, 18 N. H., 613; Herbert *v.* Herbert, 1 Ill., (Breese,) 354; Roberts *v.* Haskell, 20 Ill., 59.

III. In support of allegations in defendant's cross-bill and

prayer for relief therein, see Castro *v.* Gentiley, 11 Tex., 28; Carothers *v.* Thorpe, 21 Tex., 361; Withee *v.* Fearing, 25 Tex., 507; Slaughter *v.* Hailey, 21 Tex., 538; Brady *v.* Price, 19 Tex., 289; Bradford *v.* Hamilton, 7 Tex., 55; Walcott *v.* Hendrick, 6 Tex., 412; Egery *v.* Power, 5 Tex., 504.

As to damages pleaded and recovered by defendant and correctness of judgment, see Paschal's Dig., art. 3935; Carlin *v.* Hudson, 12 Tex., 204; Brown *v.* Tyler, 34 Tex., 172; Foster *v.* Shephard, 33 Tex., 688.

This court may correct error, if any, by decree. (Paschal's Dig., art. 1337; Trammell *v.* Swan, 25 Tex., 473; Hamilton *v.* Pleasants, 31 Tex., 640; Edmonson *v.* Garnett, 33 Tex., 259.)

GOULD, ASSOCIATE JUSTICE. — This litigation was commenced by appellant Thornton, who, on August 21, 1876, filed his petition against Sarah A. Bishop and Ed. Davis, sheriff of Anderson county. Thornton stated in his petition that on November 1, 1875, he, as a preëmptor, settled upon one hundred and sixty acres of vacant public land in Anderson county; had ever since occupied it, with his family, as a homestead; had at that time a growing crop thereon of considerable value, and was the true and lawful owner, and in peaceful and rightful possession of said land. That "on the 12th day of July, A. D. 1876, Sarah A. Bishop recovered in the District Court of Anderson county against John B. Bishop a judgment for the possession of said tract of land"; that a writ of possession had issued thereon and was in the hands of the sheriff, Davis, who was about to dispossess petitioner and place said Sarah A. Bishop in possession. The petition denied that John B. Bishop ever had the legal title to said land, and alleged that Sarah A. Bishop had no right or title thereto whatever, and, alleging her insolvency, prayed for an injunction restraining the defendants from executing the writ of possession, and from in anywise interfering with him in the possession of his home.

. In the answer of Sarah A. Bishop she states that it was true, as alleged by plaintiff, that on July 12, 1876, she recovered in the District Court of Anderson county a judgment against John B. Bishop for the possession of the tract of land described in plaintiff's petition, making an exhibit of a certified copy thereof. The judgment thus made an exhibit seems to have been preceded by a decree for divorce in favor of Sarah A. Bishop against John B. Bishop, rendered in the same suit at some former term; was on service by publication on John B. Bishop, and embodied a statement of the facts proven on which it was founded, which recites the marriage of John B. and Sarah A. Bishop in February, 1873; the respective separate means then owned by each, showing that she brought the largest share into the community; the preëmption survey for John B. Bishop on July 13, 1873, and duly recorded August 3, 1873, its settlement, with improvements to the value of $240, partly made with the separate means of Sarah A.; that in May, 1874, John B. Bishop, by cruel treatment, drove her from their home, on said land, destitute; proceeds to decree that the one hundred and sixty acres of land was the sole and only homestead of Sarah A., that it was community property, vesting in her absolutely the undivided half thereof, and giving her the right to the immediate possession, control, and management, until defendant, John B. Bishop, should pay her the sum of $150 adjudged to be due her by him; and on his failure to pay said sum by the expiration of eighteen months from the date of judgment, authorizing a sale of John B. Bishop's interest as on foreclosure of mortgage. The immediate possession of the one hundred and sixty acres was adjudged to Sarah A. Bishop, and that she be permitted and authorized to adopt such means as the law authorizes for the perfecting of the title to same. It appears from the exhibits that Thornton had sought to intervene in this suit between Sarah A. and John B. Bishop, but that exceptions to his petition therefor were sustained and his petition dismissed; and the final decree expressly

recites that it is made without prejudice to the rights of third parties, if any, claiming or to claim any interest in said lands.

In her answer, Sarah A. Bishop claims that John B. continued to occupy the one hundred and sixty acres during 1874 and 1875; that in August, 1875, he fled the country, but left the place in charge of tenants, who held it for him and her; and she charges that, while the place was thus occupied, Thornton, on November 1, 1875, without authority, and by force, threats, and fraud, took wrongful possession of said premises. She assumes the offensive, and prays that she recover her possession, also her damages, rents, &c.

Pending the suit, Sarah A. was married to W. H. Murray, who made himself a party.

The evidence of the surveyor, Watts, was that he made the survey for Bishop in July, 1873, at his request. Bishop was not then living on the land, but said he was going to pre-empt it as soon as he could sell out. Told witness to hold the field-notes until he called for them. He, nor his wife either, never called for them or paid for them. Witness recorded them, because he supposed they would be called for. Afterwards, he found Thornton occupying the land, and in 1877 surveyed it for him, and in April, 1877, returned the field-notes to the general land office. The evidence shows that Bishop and wife made the improvements in 1873 and 1874; actually moved on the land in 1874, and were living there at the time of their separation, in May or June, 1874. After the separation, John Bishop remained in possession during 1874, and in 1875 abandoned the country. In 1875, Roark and Bishop were renters under John Bishop, but did not occupy the houses. On November 1, 1875, when Thornton took possession, there was cotton in the field not picked out, and some in the crib, and the stock of John Bishop were on the premises. There was twenty-five acres of land cleared and fenced, with dwelling and out-houses. The doors were locked and fastened, and were opened by Joseph Bishop, father of John, from whom Thornton claimed to have bought

it. The evidence shows that Thornton was aware of Sarah A. Bishop's claim, and tried to buy of her before moving on the place, and that he took possession despite her protest, and said he had beaten her one day in getting possession.

The evidence does not disclose any authority from John B. Bishop to his father (Joseph) to control or sell the place. It may be inferred from some of the testimony that Joseph Bishop was seeking to reimburse or secure himself as a surety on a forfeited bond of his son's.

The case was submitted to the court without a jury, and judgment was rendered dissolving the injunction; that Sarah A. Murray and husband recover possession of the one hundred and sixty acres of land, and recover of Thornton and his sureties on his injunction bond $200 rent. In overruling a motion for new trial, the judgment for $200 was reformed so as to be against Thornton only.

On the trial, appellant objected to the admission in evidence of the certified copy of the judgment in the case of Sarah A. Bishop *v*. John B. Bishop, because said copy of said judgment had not been duly recorded in the county clerk's office of Anderson county, as required by law, to make it competent evidence.

Counsel refer to Paschal's Digest, art. 5023, which is section 4 of an act supplementary to an act " to provide for the registry of deeds and other instruments of writing," enacted February 9, 1860, which reads thus: "Every partition of any tract of land or lot made under any order or decree of any court, and every judgment or decree by which the title of any tract of land or lot is recovered, shall be duly recorded in the clerk's office of the County Court in which such tract of land or lot, or part thereof, may lie; and, until so recorded, such partition, judgment, or decree shall not be received in evidence in support of any right claimed by virtue thereof." The evident object of this provision, both in this statute and in section 8 of "An act concerning conveyances," approved February 5, 1840, from which it was copied, (see Paschal's

Dig., art. 4710; Laws of Rep., 4th Cong., p. 153,) is not to prohibit the introduction in evidence of a decree or judgment of the class designated, under all circumstances, until recorded, but only to apply the system of registration to such a judgment or decree, and to deny to a party the right to so introduce it in evidence unless he shows its registration, or facts which make it, as between the parties and under the general provisions of the registration laws, admissible without registration. The statute was never designed to exclude such evidence where the parties had expressly agreed to its admission, nor where, as in this case, it had been by both parties substantially admitted in their pleadings. Without having found it necessary to inquire further as to the meaning and operation of the statute cited, we are of the opinion that the judgment or decree in question was so directly involved in the injunction sought for by Thornton, and its existence had been so directly stated by him in his petition, that the court did not err in admitting it in evidence.

We are further of opinion that the court rightly decided that John B. and Sarah Bishop had not so abandoned their preëmption homestead, at the time of Thornton's entry, as to make it vacant public domain, subject to be settled on, and the houses and improvements taken possession of by him. Under all the circumstances, the court might well conclude that Sarah A. Bishop had not absented herself voluntarily, so as to constitute an abandonment of her interest in the homestead claim, and that although the field-notes should have been returned to the general land office within twelve months after the settlement, (2 Paschal's Dig., art. 7099*vv*; act of 26th of May, 1873,) yet she was still an actual settler, occupying, though temporarily absent, the improvements made by herself and John Bishop, and was still entitled to an opportunity to perfect the claim. (Cravens *v.* Brooke, 17 Tex., 268; Jennings *v.* DeCordova, 20 Tex., 514.) It seems that she was asserting her rights in the suit against John Bishop, and that it was only by the wrongful entry of Thorn-

ton that she was, after the decree in that case, prevented from taking actual possession. Under the circumstances, Thornton's entry on and occupation of the improvements was wrongful. If the harsh rule applies, that on a failure to comply with any of the statutory requirements the settler loses all preference, and is liable to be, in his temporary absence, unceremoniously ousted from his improvements by any one, then Thornton in his turn, if so absent, might have suffered; for neither his survey nor the return of his field-notes appears to have been in time. By the judgment of the court, Sarah A. Bishop is rightfully enabled, if she and her present husband see fit to do so, to reoccupy the land which she and her former husband had improved as a homestead and from which she had been wrongfully ousted, and to take such steps as will enable them, by continuing to occupy the same and complying otherwise with the requirements of the statute, to perfect the claim into a patent.

The other errors assigned may be disposed of briefly. The petition of Thornton described the land in controversy, and it was sufficient for defendant to adopt in her answer the same description.

The motion for new trial sought to reopen the question of the interest of Sarah A. Bishop in whatever homestead claim she and John Bishop had to the one hundred and sixty acres of land—a question definitely settled in the suit between them.

The judgment is affirmed.

AFFIRMED.