JAMES VANCE v. S. K. LINDSEY ET AL.

(Case No. 1369.)

1. PRE-EMPTION.— No rights can be acquired to land, under the location of a land certificate upon land occupied by one as an actual settler under pre-emption laws, before the expiration of the twelve months within which the settler was required to make return of his field notes to the general land office.

2. PRE-EMPTOR — STATUTE CONSTRUED.— An occupant of public land claiming as a pre-emptor caused the land to be surveyed five months after the passage of the act of May 26, 1873, concerning pre-emptions, and made the required affidavit of occupancy, etc., stating that his occupancy began under the previous act of 1870. *Held,*

   (1) The occupant claiming pre-emption rights came within the provisions of the act of May 26, 1873, as "a person who has occupied a portion of the public domain as a homestead under previous law," and was entitled to have the land surveyed and the field notes thereof returned to the general land office within twelve months from the passage of that act.

   (2) His possession and occupancy were notice to one filing a certificate thereon and procuring a survey in September, 1873, and no rights could be obtained as against the pre-emptor, under a patent issued on such certificate.

   (3) The law of 1873 extended the benefit of occupancy to the settler's right, so as to waive his default in not having the survey made within the time prescribed by the previous law under which the settlement was made.

   (4) This case distinguished from Teel v. Huffman, 21 Tex., 781.

3. DAMAGES.— The pecuniary loss sustained in defending a suit involving title to land cannot be considered as damages which a party may recover; and when this is the only basis for actual damages there can be no recovery for exemplary damages.

ERROR from Milam. Tried below before the Hon. Spencer Ford.

Action of trespass to try title brought by James Nance against Sherod K. Lindsey and William Lindsey for three hundred and twenty acres of land, in which J. G. Sherril intervened; the plaintiff also claimed damages for trespasses committed on the land by defendant, for rents and destruction of timber. The defendant S. K. Lindsey claimed title to eighty acres of the land by purchase from Sherril, the same being a part of Sherril's one hundred and sixty acre pre-emption claim; Sherril claimed the remaining eighty acres by virtue of his pre-emption. The plaintiff sued out a writ of sequestration, and the defendant S. K. Lindsey pleaded in reconvention for damages for the wrongful and malicious suing out of the writ.

The plaintiff's title consisted of a patent to the land (embracing the one hundred and sixty acre pre-emption survey), issued to the heirs of Justus D. Hulge, deceased, and a title through a contract for locating and patenting it for an equal undivided one-half.

The defendants and intervenor claimed through Sherril's pre-emption survey.

The question in the case was whether or not, under the facts, the pre-emption claim was superior to the patent.

Sherril went on the land in August, 1870, commenced work, and moved his family there in January, 1871. He testified that he went on it with the intention of acquiring a homestead. He made the affidavit required under the act of 1870, "To regulate the disposal of the public lands of the state of Texas," on the 22d day of December, 1871; on the same day designated the land for survey to the county surveyor, in writing, which designation accompanied the affidavit, sworn to by himself and two other citizens. The surveyor surveyed the land designated on the 19th day of November, 1873; and on the 19th of February, 1875, the affidavit required by law of three years' consecutive occupancy was made and filed, which stated that the occupancy began on the 30th of December, 1870.

The plaintiff filed on the land on October 6, 1871, which was renewed October 4, 1872; the file designated the land by field notes set out in his designation on his file, which purported to order a survey of the same by virtue of a three hundred and twenty acre certificate or Toby scrip. There was no evidence that the scrip was filed with the surveyor, nor was there any evidence on the trial concerning it further than the statement made of the case shows. There was no survey under the file. On September, 1873, the land was surveyed for the plaintiff by virtue of a three hundred and twenty acre land certificate issued to Justus D. Hulge, deceased, on which a patent was issued to the heirs of Justus D. Hulge. The plaintiff proved his contract with the heirs entitling him to half the land, and testified that the original scrip (Toby scrip) could not be taken out of the office. That he got the copy to locate the balance of the six hundred and forty acres.

The cause was tried before a jury; verdict for defendants for the one hundred and sixty acres, and for defendant S. K. Lindsey for the wrongful and malicious suing out of the sequestration in the sum of $121. Judgment accordingly.

*Hamman & Adams*, for plaintiff in error.

*Davis & Beall* and *N. P. Garnett*, for defendants in error.

WALKER, P. J. COM. APP.— The right of Sherril to obtain a patent for his pre-emption cannot be questioned, unless an intervening right

of a third person was acquired at some period of time between that at which he domiciled his family on the land, January, 1871, and the expiration of three years from that date by reason of non-compliance by Sherril with the requirements of the statute governing pre-emptions. He failed, it is true, to cause a survey to be made within twelve months from the date of filing with the surveyor his affidavit of having settled on the land in good faith, etc., but in respect to the original file and its renewal made by the plaintiff he is in no better plight than the defendants; nor does it conclusively appear that the file which plaintiff made was accompanied by the Toby scrip referred to in the purported file, made by the plaintiff on the 6th of October, 1871. The evidence perhaps tends to show that it may have been filed, however. On the last named date the land was not subject to be filed on by the plaintiff, as it was at that time occupied by Sherril as his homestead, claiming it as such, and having up to that time performed all that the law exacted of him as a pre-emptor. The law required of him to have the land surveyed and the field notes returned to the land office within twelve months after settling upon the same. Pasch. Dig., art. 7046. The plaintiff's file on October 6, 1871, was made, therefore, before the twelve months had expired within which Sherril was required to make return of his field notes of survey to the land office, and such file, therefore, was in derogation of the rights of Sherril and in violation of law, and no benefit to the plaintiff could inure to him therefrom. See McKinney v. Grassmeyer, 51 Tex., 382.

The renewal of the file by plaintiff on October 4, 1872, was not followed by a survey under it within twelve months afterwards, which was fatal to any claim of right derivable as against Sherril, who was on the land as an occupant, claiming it under his pre-emption; and the plaintiff's file having thus lapsed under his second attempted appropriation of the land, Sherril immediately thereafter was entitled to perfect in any mode permitted by the law his claim to the land as an actual settler. See Jennings v. De Cordova, 20 Tex., 508.

It was in evidence, however, by the ex parte affidavit of Wilson, a deputy county surveyor during a part of the year 1871 consecutively up to the 1st of January, 1872, that Sherril repeatedly applied to him to make the survey for him of his pre-emption claim, which request was refused on account of the file on the land made by the plaintiff October 6, 1871.

This testimony was admitted over the objections of the defendants, and it was, we think, improperly allowed. But it was imma-

terial and could not affect the proper construction of the other facts in the case so as to alter the result, in view of our opinion upon them, and we will not review the question upon which the testimony was inadmissible.

Sherril's title was superior to that acquired by the plaintiff under his location, survey and patent under the Hulge certificate. That certificate was filed in September, 1873. "An act for the benefit of the actual occupants of the public lands" was passed, and went into effect on the 26th of May, 1873.

The first and second sections provided as follows:

1. "Any person who has occupied, or shall occupy, any portion of the public domain as a homestead, under any previous or existing law, shall have the same surveyed, and the field notes returned to the land office, within twelve months after settling upon the same, or as provided in section 2 of this act; and such person, or his assigns, shall be entitled to a patent therefor, upon filing in the land office an affidavit to the effect that such person or his assigns have occupied and improved said lands for three years in good faith, and has complied with the requirements of this act, and paid all fees, which affidavit shall be corroborated by the affidavits of two disinterested and credible citizens of the county in which the land is situated, all of which affidavits shall be subscribed and sworn to before the district clerk, who shall certify to the same and the credibility of said citizens under the seal of his office."

2. "Any person now occupying, or hereafter to occupy, any portion of the public domain, subject to such occupation under existing law, who may wish to make application for a homestead, shall have the right to make such application in accordance with this law, at any time within twelve months from the time of his or her occupancy, or within twelve months from the date of the approval of this act."

Sherril caused the land to be surveyed about five months after the passage of the act, and made the required affidavit of occupancy, etc., as stated in statement of the case, stating therein that the occupancy began under a previous act, viz., that of 1870. The plaintiff filed and caused a survey to be made in September, 1873.

Sherril came fully within the provisions of the above quoted act; he was "a person who has occupied a portion of the public domain as a homestead under a previous law," and he was entitled to have it surveyed and the field notes returned to the land office within twelve months from the date of the passage of the law; and his possession and occupancy was notice to the plaintiff that he was thus entitled under the law, and his file and survey in September,

1873, could not invest him with any rights as against the occupant. Mere failure to return field notes of a pre-emption survey, the pre-emptioner still occupying the land, is not an abandonment of the claim. Thornton v. Murray, 50 Tex., 168.

This view of the law of this case does not conflict with the rule laid down in Teel v. Huffman, 21 Tex., 781. The law at that time required the survey of a pre-emption settler to be made within eight months from his settlement on the land. In that case the settler failing to comply with that requirement, the patentee of the land under a file of a certificate after the expiration of the eight months was held entitled to hold the land. There was no law then in force such as was enacted in 1873, so extending the benefits of occupancy to the settler's right as to waive his default in not having the survey made within the time prescribed by the law under which the settlement was made. In harmony with our opinion in this case is the decision in Jennings v. De Cordova, 20 Tex., 514, decided upon the construction and effect of a statute (acts of August, 1856) which extended the time for making their surveys and return of field notes to settlers on public land who had been delinquent in doing so. And see Kohlhass v. Linney, 26 Tex., 333.

There is no dispute or contradiction in the evidence regarding the facts on which the title depends under the view we entertain as to its merits, and as no other conclusion could properly have been arrived at on that question than in favor of the defendants, we need not consider the questions presented in the assignment of errors as to the charges given and refused by the court. See Fisk v. Wilson, 15 Tex., 430; Henderson v. The State, 12 Tex., 525; Commercial Bank v. Jones, 18 Tex., 829; 26 Tex., 451; Sypert v. McCowen, 28 Tex., 639. We are of the opinion that Sherril's title was superior to and must prevail over the patent, and that the judgment for the defendants for the land was correct.

It is assigned as error that the court erred in instructing the jury to inquire whether the writ of sequestration was wrongfully and maliciously sued out; that the verdict is contrary to and against the evidence; and in refusing to grant the plaintiff a new trial.

There was no evidence tending to show that the plaintiff wrongfully or maliciously sued out the writ of sequestration, or that the defendant, S. K. Lindsey, sustained any other injury or loss therefrom than those which ensued to him in the expense and loss of time in defending the suit. It does not appear from the character of the suit and the legal questions involving the titles of the parties respectively to the land, that the plaintiff instituted it otherwise

than to assert a supposed legal and valid claim to the land; and if so, the evidence fully warrants the supposition that owing to the destruction of the timber on the land being committed by the defendant S. K. Lindsey, plaintiff sued out the writ of sequestration with good and probable cause for so doing; and the evidence does not point to any fact showing a malicious intention towards the defendant in so doing, or to wantonly oppress, vex or harass him. The pecuniary loss sustained by him in the defense of the suit cannot be considered as actual damage for which he may recover; and there being none, there exists no basis for exemplary damage, nor is there any evidence of grounds for such. See Craddock v. Goodwin, 54 Tex., 578; Harris v. Finberg, 46 Tex., 80; Blum v. Gaines, 57 Tex., 135; Telegraph Co. v. Brown, 58 Tex., 170; Bradshaw v. Buchanan, 50 Tex., 492.

In order to warrant an affirmance of this judgment the defendant S. K. Lindsey must remit the judgment for damages in his favor; otherwise the judgment will be reversed and the cause remanded.

In this view, following the action of the supreme court in Zapp v. Michaelis, 58 Tex., 270, we conclude that the judgment ought to be reversed and the cause remanded, unless such *remittitur* shall be made within twenty days from the date of the adoption of this opinion by the supreme court, and that if it shall thus be made, that the judgment in all respects, save the judgment for damages, be in all things affirmed.

AFFIRMED.[1]

[Opinion adopted November 5, 1883.]

2. TENANCY — ESTOPPEL.— One who assumes after occupancy, without contract, the relation and rights of tenant to the owner of the land occupied, may be

---

[1] The *remittitur* was filed.