## J. G. Rogers v. W. R. Blackshear.

### Decided May 4, 1910.

**1.—Preemption—Occupancy.**

Under the statute of 1892 the offer by the State was of a donation of 160 acres of land to every married man or head of a family who would settle upon the land and actually occupy it as a home for the time required by law; the occupancy must be by the applicant or his assignee of the right; vicarious occupancy would not suffice.

**2.—Patent—Fraud—Pari Delicto.**

R. filed upon land under the preemption laws, but afterwards moved from it and sold his claim to B., who made arrangements with one C., and, after

some time, with R. himself to occupy the land for the required period until patent could issue; at the expiration of said period R. procured the patent in his own name and sold the land to third parties. In a suit by B. against R. and his immediate vendee, who had notice of the facts, for the value of the land, held, because R. procured the patent by practicing a fraud upon the State, and because B. was not entitled to a patent and could only procure one by practicing a similar fraud, the courts would refuse aid to either party.

**3.—Same—Office Found.**

Facts stated and held not controlled by the rule of law that no one but the State or some one having a prior equity could prevail over the legal title conveyed by a patent to land.

Appeal from the District Court of Newton County. · Tried below before Hon. W. B. Powell.

*Geo. E. Holland,* for appellant.—The court will not entertain a contract essentially embracing and necessarily including both fraud and false swearing. Glenn v. Matthews, 44 Texas, 405; James v. Fulcrod, 5 Texas, 520; North Dakota Bld. Assn. v. Griffin, 90 Texas, 488; Labbe v. Corbet, 69 Texas, 505; Wagner v. Biering, 65 Texas, 509.

*W. W. Blake,* for appellee.—Where one person has sold land to another, and the grantor and others, knowing of the transaction, conspire together to have the grantor to convey again, and so manipulate the title as to pass it to an innocent purchaser, and thereby place the land out of reach of the grantee in the first deed, all who knowingly engage in such fraudulent transaction are guilty of conspiracy to defraud, and are all civilly liable in damages to the person defrauded. And in such case, if the land by a series of conveyances pass into the hands of an innocent purchaser, the remedy is against the perpetrators of the fraud. Mitchell v. Simons, 53 S. W., 76; Martin v. Robinson, 67 Texas, 368; Bishop, Noncontract Law, sec. 522.

A person who has settled upon vacant land, made his application and survey, and returned his field notes to the Land Office in compliance with law, has acquired such rights in the land as may be the subject of sale, and he may lawfully sell such claim before the completion of the three years occupancy. Palmer v. Bennett, 81 Texas, 451-2; Horn v. Gambrell, 1 Texas Civ. App., 559.

REESE, ASSOCIATE JUSTICE.—W. R. Blackshear instituted this suit against A. C. Rogers, J. G. Rogers, C. E. Cade, J. H. Mattox and several others in trespass to try title to recover a tract of 160 acres of land, or in the alternative for its value. In addition to the general allegations in an action in trespass to try title, plaintiff alleged in substance that he had become entitled to a patent to the land under the preemption laws; that the defendants entered into a conspiracy to cheat him out of it, and in pursuance of such conspiracy procured a patent to A. C. Rogers, who immediately sold to J. G. Rogers, who sold to Mattox; that Mattox sold to Cade and Cade to the other

defendants. It was charged that all of the defendants had notice of plaintiff's rights, and upon this allegation he sought to recover the land. There was an alternative plea for damages, based on the value of the land, should it be determined that it had passed into the hands of innocent purchasers.

The plaintiff dismissed as to the defendants who had the title to the land and the cause thus became one for damages only.

The case was tried without a jury, resulting in a judgment for all the defendants except A. C. Rogers and J. G. Rogers, and against them in favor of plaintiff for $520, from which judgment defendant J. G. Rogers appeals.

Omitting the finding as to the value of the land at the time J. G. Rogers sold it to Mattox, which is objected to as being without evidence to authorize it, which objection must be sustained, as will be hereafter shown, we adopt the conclusions of fact of the trial court, which are as follows:

1. A. C. Rogers and J. G. Rogers in good faith moved upon the land in controversy in 1892 for the purpose of homesteading the same under the law.

2. Each of the said Rogers intended to homestead eighty acres of said land and they built a house across the dividing line between them, one end of which was on A. C. Rogers' part, and the other end of which was on J. G. Rogers' part.

3. Subsequently to their settlement on the land they went to Brookeland, in Sabine County, Texas, and they there sold their claims to J. B. Swan and the plaintiff, William R. Blackshear, and they agreed to make deeds to any person Swan and Blackshear desired; and subsequently the said A. C. Rogers made a deed of conveyance, at the request of said Blackshear and Swan, to one Mollie Christian for the whole 160 acres, who was to complete the occupancy for said Blackshear; and the said Mollie Christian lived on the place for a year or more, but lacked a year more or less of completing the occupancy, when she moved off and made a deed to one-half of the land to J. W. Weaver and to one-half to Blackshear.

4. Blackshear and Swan were partners, and when it was learned that the said Mollie Christian had made a deed to one-half the land to Weaver, Swan and J. G. Rogers went to the home of Weaver, and Weaver then made a deed to Blackshear for the half of the land he had bought from said Mollie Christian, and that J. G. Rogers knew these facts.

5. After said Mollie Christian moved off the land (as to how long it is not shown), the said A. C. Rogers moved back on the same at the request and, under written contract with William R. Blackshear, agreed to complete the occupancy. for him, and under the said contract the said A. C. Rogers completed the occupancy of said land, he being a married man.

6. All of the deeds of conveyance above referred to were delivered to and in the possession of the plaintiff, W. R. Blackshear, and for the purpose of getting the patent to the land Blackshear sent all of said deeds by mail to his attorney, C. E. Smith, at Burkeville, Texas. Said C. E. Smith, as attorney for Blackshear had proof of occupancy

made and filed in the Land Office at Austin, Texas, and, without doing more, took sick and died. The deeds before referred to were never recorded or filed in the Land Office or in Newton County, Texas. Said deeds were and are lost, and were the property of said Blackshear.

7. After the death of said Smith the said J. G. Rogers bought the land in controversy from his brother, A. C. Rogers, paying therefor not more than $25. The patent to said land was issued in the name of A. C. Rogers, and Blackshear paid the patent fee, and the patent was sent to Blackshear, who, when he found it was patented to A. C. Rogers and not himself as assignee, began an investigation and found from the records of Newton County that A. C. Rogers had conveyed it to J. G. Rogers, and in two days afterwards, J. G. Rogers conveyed it to J. H. Mattox, and Mattox conveyed it to C. E. Cade, and Cade to other parties not necessary to mention in these findings, as the case as to them was dismissed.

8. J. H. Mattox paid $250 for the land to J. G. Rogers and did so in good faith without knowledge of Blackshear's rights, and C. E. Cade bought from Mattox the said land and paid him $520 therefor and he did so in good faith without notice of Blackshear's rights. J. G. Rogers knew that Blackshear had bought the land and that he owned the same at the time he bought from his brother, A. C. Rogers, and said purchase was not in good faith, nor for a valuable consideration. The land today is worth $1990.

The first assignment of error, complaining of the finding that A. C. Rogers was a married man as not authorized by the evidence, is not supported by the record.

The second assignment complains of the finding that the land was worth $520 at the date of the sale by J. G. Rogers to Mattox, and must be sustained. It was shown that J. G. Rogers paid A. C. Rogers $25 for the land; that he sold it to Mattox for $250 and Mattox in turn sold to Cade for $520. It was also shown that at the time of the trial the land was worth $10 per acre. This evidence did not authorize the finding that it was worth $520 at the time of the sale by J. G. Rogers to Mattox.

It is not necessary to discuss each of the other assignments in detail. They present generally the question of the correctness of the judgment on the facts.

The court found as a conclusion of law that it was unlawful for A. C. Rogers to occupy the land as a homestead for W. R. Blackshear, but that no one but the State could complain. It is true that no one but the State, or someone having a prior equity, could prevail over the legal title conveyed by the patent to A. C. Rogers, but this principle of law does not apply to the facts of this case and the issues presented. The legal title was in A. C. Rogers by virtue of the patent. Appellee seeks to engraft upon the legal title an equitable title in himself arising out of agreements between himself and Mrs. Christian, and between himself and A. C. Rogers, whereby they were, for him, to settle upon and occupy the land for the three years required by law, and thus enable him to acquire a title as an actual settler. This he could not do, and no title would have ever issued to

appellee upon the true facts as found and as shown by the undisputed evidence. It was only by perpetration of a fraud upon the State by false swearing that appellee could have ever expected to procure a title to the land. The offer by the State was of a donation of 160 acres of land to every married man or head of a family who should settle upon it and actually occupy it as a home for the time required by law. It did not admit vicarious occupancy by any person other than the applicant or his assignee of the right acquired. (Cravens v. Brooke, 17 Texas, 273; Turner v. Ferguson, 58 Texas, 10; De Montel v. Speed, 53 Texas, 342; Burleson v. Durham, 46 Texas, 156; Calvert v. Ramsey, 59 Texas, 492.)

Appellee testified as follows: "A. C. Rogers had abandoned the preemption—wasn't living on it at the time—and we had this deed conveyed to a Mrs. Christian, she agreeing to go on that land and complete the occupancy for us. I never did go on the land myself, and Swan never went on it. The terms of occupancy wasn't completed when I bought and we put Mrs. Christian on there. It is not a fact she only stayed there two or three months. She stayed there more than a year, within my knowledge, I think; I never saw her there on the land. Never saw the land in my life, much less Mrs. Christian on it. Never did look at it. I was acquainted with Mrs. Christian. I made arrangements through Swan for her to live on the land for me. She was to complete the occupancy for us and deed it to us."

Appellee had no right or title, legal or equitable. It does not help him that A. C. Rogers had no right to the patent, and that he perpetrated a fraud upon him in procuring a patent to himself. They were both attempting to perpetrate a fraud upon the State. *Ex turpe contractu, non oritur actio.* The courts will not now assist appellee to obtain the benefit of his fraudulent attempt, but will leave the parties where they find them. (Glenn v. Mathews, 44 Texas, 405; Wegner v. Biering & Co., 65 Texas, 509.)

When J. G. Rogers sold the land to Mattox, although with notice of the previous sale by A. C. Rogers to appellee, he violated no right of appellee which the courts will protect or enforce.

Under the facts as found by the court, and the undisputed evidence, appellee has no right to recover, and the trial court should have rendered judgment for appellant.

The judgment must be reversed and judgment here rendered for appellant J. G. Rogers, and it is so ordered. A. C. Rogers not having appealed, the judgment against him is undisturbed. We have not found it necessary to discuss or decide the interesting question presented by the brief, of the right of appellee to recover of J. G. Rogers independent of the illegality of the contract; upon the ground that, knowing of the prior sale by A. C. Rogers to appellee, he bought of him and sold to an innocent purchaser, thus putting the land out of the reach of appellee.

*Reversed and rendered.*