## A. N. McMILLAN v. W. J. MOON.

Delivered February 5, 1898.

1. **Sequestration—Affidavit.**

The statement in an affidavit for sequestration, that the property is worth the amount "above set forth," sufficiently complies with the statutory requirement that it shall state the value of the property, where it is previously stated in the affidavit that there is a specified amount due on the claim, and this the only amount named in the affidavit.

2. **Foreclosure of Chattel Mortgage—Attorney Fee.**

A chattel mortgagee is not entitled to the attorney's fees which the mortgage permits him to retain as part of the expense of making the sale, should the debt mature and not be paid, and he take possession of the property and sell it, where the property is seized and sold before maturity under a writ of sequestration which he obtained upon the ground that he feared the mortgagor would remove the property from the county, unless he did in fact fear such removal; and it is not sufficient that he had probable cause to fear it.

*3. Same—Damages for Sequestration.*

A chattel mortgagor is entitled to recover his actual damages for the seizure of the mortgaged chattels under a writ of sequestration issued upon the ground that the mortgagee feared his removal of the property from the county, where the mortgagee did not in fact entertain such fear, although he may have had probable cause to do so.

*4. Same—Burden of Proof.*

The burden of proof is on the defendant who seeks damages for a wrongful sequestration to prove that the ground alleged for suing out the writ did not exist.

APPEAL from Morris. Tried below before Hon. J. M. TALBOT.

*J. M. Moore,* for appellant.

*Sheppard, Jones & Bolin,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—The plaintiff's suit was based upon a merchant's account for $1320.36, for goods sold to defendant McMillan under a written contract dated January 25, 1895, which provided that the plaintiff should furnish defendant goods, to enable him to run his sawmill for twelve months from said date, and to secure the account the defendant was to cut and stack on his mill yard 1000 feet of good merchantable lumber for every $4.50 worth of goods purchased, and the said lumber as cut and stacked was embraced in a chattel mortgage given by defendant to secure the plaintiff in the debt thus to be created.

The suit was filed June 26, 1895, and alleged that the defendant had been selling and disposing of said lumber so mortgaged to the plaintiff, and that therefore the debt had become due. This allegation, under article 3333, Revised Statutes, entitled the plaintiff to take possession of the lumber described in the mortgage and have the same sold for the payment of his debt, whether the same had become due or not, and by the terms of the mortgage also entitled the plaintiff to a reasonable attorney's fee for getting possession of the property by means of this suit and making sale thereof, as possession, it seems, had been demanded before suit was brought and denied to plaintiff by defendant.

The affidavit for writ of sequestration was as follows: "Before me, the undersigned authority, personally appeared W. J. Moon, plaintiff in the above entitled cause, and being duly sworn says that he has brought suit against the defendant A. N. McMillan for the recovery of a debt due plaintiff by the said defendant, and to foreclose his mortgage lien on the following described property, to wit: All lumber of every kind, quality, and description manufactured, sawed, and made at the defendant McMillan's mill from and after January 25, 1895, up to the present date. That plaintiff has a mortgage on said above described property, and the same is just and unsatisfied, and the amount still due and unsatisfied is thirteen hundred and twenty dollars and thirty-six cents, and the same was due June 25, 1895, and is situated in Morris County, Texas, and is worth the above set forth amount, and plaintiff

says he fears the defendant A. N. McMillan will remove the property out of the county during the pendency of this suit."

The first assignment of error complains of the court's refusal to quash the writ, on the ground that the value of the property was not stated definitely, as required by statute. We overrule this assignment, because the amount of the *debt* was definitely set forth in the preceding part of the affidavit, and it was clearly stated that the lumber described was worth the amount "above set forth." This was sufficiently definite, and in compliance with the statute, because there was but one sum of money or amount set forth in the affidavit, and the reference could have applied to no other. That is certain which can be made certain.

The defendant McMillan, among other things, answered and set up in reconvention for damages that the affidavit was false and untrue in every essential particular, specifically traversing the grounds upon which the writ was sued out, and also alleged that it was maliciously sued out, without probable cause, and alleged actual damages in the sum of $2500 and exemplary damages in the sum of $1000.

The evidence was conflicting as to whether the plaintiff feared that the defendant would remove the lumber out of the county during the pendency of the suit. The evidence showed, however, that several stacks of the lumber had been sold by the defendant which were embraced in the mortgage, but was conflicting as to whether they were sold by the consent of plaintiff. The sheriff's invoice of the lumber when seized under the writ showed 296,582 feet, but it seems that the lumber measured out about 35,000 feet less, and some of it was not good merchantable lumber, but of a lower grade.

The court charged the jury, in the second paragraph of its charge, to the effect that, if they found that plaintiff's debt was due when the writ was sued out, or if at that time it was not due, but plaintiff feared that the defendant would remove the property mortgaged to him to secure his debt out of the county during the pendency of the suit, or if from the acts of the defendant the plaintiff had probable cause to fear that he would remove said property out of the county during the pendency of the suit, then to find for plaintiff a reasonable attorney's fee, in addition to the amount of indebtedness found to be due, if anything. This paragraph is complained of upon the ground that it allowed the plaintiff to recover attorney's fees, if the jury believed that he had probable cause to fear that defendant would remove the goods from the county during the pendency of the suit.

Verdict and judgment were rendered for plaintiff for the amount of his debt as sued for, with interest and 10 per cent attorney's fee, and foreclosure of his mortgage on the proceeds of the sale of the lumber— it having been sold under order of the court as perishable property for the sum of $1350.

We think this part of the charge was erroneous. The contract expressly provides that, if the indebtedness shall mature and be not paid, then the plaintiff may take possession of the lumber and sell it, and

out of the proceeds retain a reasonable attorney's fee as part of the expenses of making the sale. Now, under this contract, if the debt had matured, according to its terms, at the time the suit was brought, the attorney's fee was, by force of the contract, recoverable; or if the defendant had removed the property from the county, or had sold or disposed of the same without the consent of the mortgagee, then the right to sue on the debt and seize and sell the property would arise, under article 3333, Revised Statutes, and the attorney's fee would, in such case, by force of the contract, in connection with this article, be recoverable. Or if the defendant, though the debt be not due, does any act which would authorize the plaintiff to sue out the writ of sequestration and seize the property, in order to protect his security, or if any fact exists which would authorize the issuance of such writ, and upon affidavit of such act or fact the writ is issued, and the property seized and sold thereunder, then in any of these events the attorney's fees, under this contract, would be recoverable, because the defendant had agreed to pay attorney's fees as part of the expense of the seizure and sale of the property, the defendant's unlawful acts having made such seizure necessary before the debt matured, in order to prevent the loss of the security. This principle is recognized in Laning v. Iron City Bank, 35 Southwestern Reporter, 1048.

But it is because the right to recover the attorney's fee is stipulated for in the contract, taken in connection with the statute, or in connection with the wrongful act of defendant making it necessary to sue and seize the property mortgaged, that the plaintiff is entitled to recover, and if these facts do not concur, no attorney's fees can be recovered. The ground alleged in the affidavit for suing out the writ was that plaintiff feared defendant would remove the lumber from the county during the pendency of the suit, and he must stand or fall upon this ground. It was therefore error to instruct the jury that, if he had *probable cause* to fear such removal, he could recover attorney's fees. The only question to be considered, arising on this affidavit, in connection with the plaintiff's right to recover attorney's fees, was, did he fear such removal? If he did, he could recover them; if he did not, he could not so recover.

The issue as to the probable cause arises only on the plea in reconvention for damages for maliciously suing out the writ, and this question is here presented by appellant in an assignment complaining of the following charge: "If you find from the evidence that at the time the plaintiff sued out the writ of sequestration herein, and caused the same to be levied on the property described in the officer's return on said writ, the plaintiff's debt upon which this suit is founded was not due, and that the plaintiff did not fear that the defendant would remove said property out of Morris County during the pendency of this suit, and that from the words and acts of the said defendant McMillan in relation to said property the plaintiff did not have probable cause to believe and fear that said defendant would remove said property out of Morris

County during the pendency of this suit, and that such sequestration was wrongfully and without probable cause sued out, then you will find for defendant on his plea in reconvention, as actual damages, the reasonable cash market value of the property seized and sold under and by virtue of said sequestration, at the time and place of such seizure, together with interest thereon at 6 per cent per annum from the date of said seizure. If, on the other hand, you find from the evidence that at the time this suit was brought and said sequestration sued out levied on said property, plaintiff's said debt was due, or if you find that said debt was not due, but you do find that plaintiff feared the defendant McMillan would remove said property out of Morris County during the pendency of this suit, or if you believe the plaintiff had probable cause to believe and fear, from the words and acts of the defendant McMillan in respect and relation to said property, that said defendant would remove the same out of Morris County during the pendency of his said suit, then in either event the plaintiff had the right to sue out such sequestration and to seize said property, and the defendant can not recover any damages by reason thereof."

The vice in this charge consists in denying to the defendant the right to recover his actual damages if the plaintiff had probable cause to believe and fear that the defendant would remove the property during the pendency of the suit, although he may not in fact have so feared and believed. If the plaintiff did not fear the removal, as alleged, the defendant was entitled to recover his actual damages, although he may have had probable cause for such fear.

The burden is on the defendant to prove that the grounds for suing out the writ did not exist, and unless he does so by a preponderance of the evidence, he is not entitled to recover even actual damages.

For these errors in the charge, we reverse the judgment and order that the cause be remanded for a new trial.

*Reversed and remanded.*