WALKER v. WILMORE. (No. 407.)

(Court of Civil Appeals of Texas. El Paso. March 4, 1915. Rehearing Denied April 1, 1915.)

1. CHATTEL MORTGAGES ⟐40—CONDITIONAL SALE AND MORTGAGE—CONSTRUCTION OF INSTRUMENTS.

Where two written instruments, the first a bill of sale, absolute on its face, reciting a cash consideration of $150, with a general warranty clause, the second a bill of sale subject to defeasance by repayment of the purchase price of race horses, formed the contract, the question whether the transaction was a conditional sale or a mortgage was for the jury to determine from all the facts and circumstances of the case under the charge of the court.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 46; Dec. Dig. ⟐40.]

2. APPEAL AND ERROR ⟐724—ASSIGNMENTS OF ERROR.

Assignments of error that the court erred in not giving special requested charge No. 1, for the reason, etc., that the court erred in not granting plaintiff a new trial because under all the evidence the proof showed, etc., and that the horses in dispute were reasonably worth from $1,500 to $2,500, which defendant claimed he bought for $150, etc., so that the court under its equity power erred in not granting plaintiff a new trial, were improper as being merely arguments supporting errors previously assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. ⟐724.]

3. APPEAL AND ERROR ⟐742—ASSIGNMENTS OF ERROR—PROPOSITION AND STATEMENT.

An assignment of error, complaining of the admission and rejection of testimony, could not be considered, where it was not followed by its appropriate proposition and statement; there being no reference to the statement of facts where such testimony might be found, or to the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⟐742.]

Appeal from District Court, El Paso County; Leigh Clark, Special Judge.

Action by George C. Walker against R. W. Wilmore. Judgment for defendant, and plaintiff appeals. Affirmed.

Jno. T. Hill, of El Paso, for appellant. Jones, Jones & Hardie, of El Paso, for appellee.

HARPER, C. J. This suit was brought by appellant, George C. Walker, against appellee, R. W. Wilmore, to recover possession of two race horses. Appellant alleged that he procured a loan of $150 from appellee and to secure it executed a bill of sale to the two horses, which are worth the sum of $2,500; that the instrument in question was a bill of sale in form, but in fact a mortgage. The appellee answered by general denial, and alleged that the transaction was an absolute sale and not a loan, and denied that the horses were worth $2,500, etc. A jury trial resulted in verdict and judgment for defendant, from which this appeal is taken.

The first assignment is that the court erred in refusing to give to the jury the following special instruction:

"You are charged that the instrument in evidence shows upon its face that it is a chattel mortgage, and the only question for your determination is whether or not a tender of the money due was made and possession of the horses demanded."

The proposition is that the language of the instruments is clear and unambiguous, and, they should have been construed by the court and declared to be a mortgage. The instruments are: First, a bill of sale, absolute upon its face, reciting a cash consideration of $150 with general warranty clause. The second, executed at the same time, is:

"Whereas, I, George C. Walker, have this day sold to R. W. Wilmore my certain bay filly Jumelia and my certain bay filly Stella Grain for the sum of $150.00 to me paid by the said R. W. Wilmore, the receipt of which is hereby acknowledged, and,

"Now it is understood and agreed by and between R. W. Wilmore and myself, that should I, within ten days repay to the said R. W. Wilmore the sum of $150.00, then the said R. W. Wilmore agrees to reconvey said horses to me, but should I fail within ten days to pay to the said R. W. Wilmore the said $150.00 then, in that case, said R. W. Wilmore, by virtue of said sale, shall have the right of complete possession in the title which I have vested in him by said bill of sale."

[1] The first instrument, if standing alone, conveys no hidden meaning, but in connection with that part of the second which reads: "Should I within ten days repay * * * the $150.00 * * * Wilmore is to reconvey said horses to me," etc., would indicate a loan or a conditional sale. In such cases, the rule is that when the true intention of the parties is not apparent upon the face of the instruments, the question as to whether the transaction was a conditional sale or a mortgage is to be decided by the jury, under the charge of the court, from all the facts and circumstances of the particular case. Alstin v. Cundiff, 52 Tex. 462; Ruffier v.

Womack, 30 Tex. 332. So the court did not err in refusing to give the charge requested, but properly submitted it to the jury for their determination; and, the question having been resolved in favor of a sale, there is no reason suggested why the judgment should be disturbed.

The other propositions under this assignment are not exactly the same as the one quoted, but substantially so; but we are not required to pass upon them, because not followed by appropriate statements, or reference to the record.

[2] Assignments 2, 3, 4, and 5 appear in the brief in the following form:

"Appellant's Assignment No. 3, Stated as a Proposition, being Assignment Numbered 13, Assignment of Error.

"The court erred in not giving special requested charge No. 1 for the reason that the proof shows that the consideration which defendant claims to have paid for said horses is oppressively inadequate, and is conclusive that said amount paid to appellant, to wit, $150, was made as a loan.

"Appellant's Assignment No. 4, being No. 15 in Assignment of Error.

"The court erred in not granting appellant a new trial because under all the evidence the proof shows conclusively that irreparable injury and injustice was done appellant by the verdict of the jury and judgment of the court and under the rules of equity power of the court it was error to permit the verdict to stand.

"Appellant's Assignment No. 5, being No. 16 in Assignment of Error.

"The horses in dispute were reasonably worth from $1,500 to $2,500 which appellee claimed he bought for $150, and the consideration which appellee claimed to have paid is evidence of fraud, and the court under its equity power erred in not granting appellant a new trial."

It is apparent that such cannot be called assignments, but are simply arguments addressed to the propositions under the first assignments. Nevertheless since, if the record showed the two matters proved, as asserted by appellant, it should conclude this cause in favor of appellant, we answer that the evidence is not undisputed that the bill of sale was given to avoid giving a mortgage in Juarez, Mexico. Neither does the evidence conclusively show that the horses were worth $1,500 to $2,500. The evidence concerning these matters was properly admitted as circumstances for the consideration of the jury in determining whether the transaction was a sale or mortgage. The evidence is conflicting as to them, and the jury has resolved it in favor of appellee.

[3] The sixth assignment, complaining of certain testimony admitted over the objections of appellant, must be overruled because not followed by appropriate proposition and statement. There is no reference to the statement of facts where such testimony may be found.

The seventh, complaining of the action of the court in refusing to permit the jurymen to testify that the evidence complained of in

No. 6 influenced them to decide against appellant, must be overruled for the same reason—not followed by any statement, nor is there any reference to the record.

The other assignments in no way meet the requirements of the rules for briefing cases in this court, so will not be considered.

There being no error apparent of record and none called to our attention by appropriate assignment, the judgment of the trial court must be affirmed.