## MILLER v. LYLES.
### No. 4506.

Court of Civil Appeals of Texas. Amarillo. Nov. 25, 1935.

C. Land, of Memphis, for appellant.

Hamilton & Fitzgerald, of Memphis, for appellee.

HALL, Chief Justice.

The appellee, Lyles, leased a certain farm to J. W. Miller for the rental year of 1934, and instituted this suit in form of trespass to try title for the recovery of the title and possession of the land.

Miller pleaded general denial, not guilty, and by way of cross-action sought to recover damages by reason of having been evicted by Lyles, who is alleged to have sued out a writ of sequestration, and by means thereof to have illegally dispossessed him.

A jury was impaneled and at the close of the testimony the court directed a verdict in favor of Lyles.

The action of the court in peremptorily instructing the jury to find against Miller is presented by two propositions.

The first proposition is multifarious and argumentative, and for that reason is not entitled to consideration. Anthony v. Hardin (Tex.Civ.App.) 175 S.W. 857; Martinez v. Gutierrez's Heirs (Tex.Civ. App.) 172 S.W. 766; Walker v. Wilmore (Tex.Civ.App.) 174 S.W. 921.

The second proposition is: "The court should not have peremptorily instructed the jury to find against the appellant Miller on his cross-action without there being no evidence whatsoever of either actual or nominal damages, but upon the contrary there was ample evidence to show both actual and exemplary and nominal damages, and that the amount of such damages should have been submitted to the jury for their determination and not by the court."

This proposition is also defective, but since appellant insists there is fundamental error, we have decided to consider the case as made by the whole record and dispose of it upon the merits.

While we are told in the briefs that a writ of sequestration was issued and executed, and while Miller testified that the sheriff in executing the writ moved his household goods out into the public road, neither the affidavit, bond, nor writ was introduced in evidence, nor do they or either of them appear at any place in the record. By his pleadings the appellant does not attack the sequestration proceedings, nor does he assert that the writ was sued out maliciously or without probable cause.

The rule is established in this state that the burden is on the defendant who seeks damages for wrongful sequestration to prove that the ground alleged for suing out the writ did not exist, and unless he does so by a preponderance of the evidence he is not entitled to recover even actual damages. McMillan v. Moon, 18 Tex.Civ.App. 227, 44 S.W. 414.

In the case of Hunter v. Adoue & Lobit, 38 Tex.Civ.App. 542, 86 S.W. 622, 624, where Adoue & Lobet by sequestration dispossessed Hunter, and the right of Adoue & Lobet as agents to institute proceedings was questioned, the court said: "The original petition was brought really by them. The affidavit and bond was properly made by them. We recognize in the motion to quash the writ no ground that should have been sustained. Under these circumstances, we fail to see any error in refusing to allow defendant to prove damages for wrongful sequestration." See, also, Graham v. Walters (Tex.Civ.App.) 45 S. W.(2d) 281.

Revised Statutes, arts. 6840 and 6841, state the circumstances and cases in which writs of sequestration may issue, and 6841 provides that no sequestration shall issue in any cause until the party applying therefor shall file an affidavit in writing, stating either one of the grounds mentioned therein.

Since the appellant failed to introduce the affidavit, bond, and writ, we do not know upon what ground the writ was issued, and we cannot say, without this information, that the writ was improperly issued. We find no testimony in the statement of facts from any one stating upon what ground the writ was issued, or that the ground upon which the writ was based was improper, illegal, or untrue. As said in the McMillan Case, supra, until this proof is made by a preponderance of the evidence, appellant was not entitled to recover any damages whatever or to introduce proof showing even actual damages.

Since appellant introduced no evidence to show that the writ had been wrongfully

issued, the court did not err in directing a verdict for the appellee.

The judgment is therefore affirmed.