No. 5857.

### J. C. NYE ET AL *v.* R. F. GRIBBLE.

1. PLEADING—PRACTICE.—The plaintiff in trespass to try title may so frame his petition as to secure a foreclosure of a lien, if on the trial what he believes to constitute title. should, in the judgment of the court, be only a mortgage, but to effect this, the petition must set forth facts sufficient to entitle the plaintiff to such relief. A prayer asking the alternative relief in the event the court should decide that a deed which plaintiff relies on as evidence of title, is only evidence of a mortgage, without setting forth the facts which constitute it a mortgage, is not sufficient.

2. LIEN OF JUDGMENT.—The failure to index the abstract of a judgment filed for the purpose of securing a lien is fatal to the lien. If the certificate of the clerk fails to show that it was indexed, the presumption that he discharged his duties will not be sufficient to supply the omission.

3. CONFESSION OF JUDGMENT.—In trespass to try title brought against parties claiming the land as execution purchasers under a judgment rendered against plaintiff's vendor, such vendor may be made a defendant with a view of recovering against him the purchase money, should his warranty fail, and confession of judgment for the debt can not conclude rights asserted by other defendants.  In this case the party confessing judgment was made defendant for the purpose of recovering against him on the debt should his deed be adjudged to constitute a mortgage.

4. CERTIFED COPY OF DEED is admissible upon affidavit as required in article 2257, Revised Statutes; proof of search, etc., for original not needed.

APPEAL from Wichita.    Tried below before the Hon. B. F. Williams.

This was an action of trespass to try title to five hundred and thirty-eight acres of the Charles L. Harrison one-third of a league of land in Wichita county, brought by appellee Gribble against appellants Thomas C. Nye and Fred K. Fisher, who vouched Heber Stone and wife, M. L. G. Stone, and Mrs. Ann M. Giddings as warrantors, to appear and defend the title.

The defendants and warrantors answered:  First, not guilty and a general denial.  Second, that Gribble claimed the land under a conveyance from one W. A. Casseday, dated April 23, 1880, and recorded on January 31, 1881; that it was fraudulent

and made with the intention and design on the part of Gribble and Casseday of hindering and delaying Stone and Giddings in the collection of a judgment and debt against Casseday. That at about the time of the recovery of the judgment against Casseday, he made a transfer of this land and other lands to Gribble, and took a power of attorney from Gribble which authorized him to act as Gribble's agent in selling the lands. That he had made many sales as Gribble's agent, but had never accounted to him for the proceeds, although they lived in the same city, to wit, Waco, and had been fast friends for years, and that in this way Casseday's land was shielded from his creditors by Gribble.

That an abstract of the Giddings and Stone judgment against Casseday was legally registered and recorded on January 21, 1881, in Clay county, to which Wichita county was then attached for judicial purposes, and constituted a lien on the land prior to the record of Gribble's deed from Casseday, on January 21, 1881. The land was subsequently sold under execution issued on the judgment in favor of Stone and Giddings, and was bought in by them and afterwards sold to Nye and Fisher.

That Gribble's claim was colorable and pretended, and if he had any claim at all, which was expressly denied, it was that of a mortgage and security for some feigned debt due by Casseday to Gribble, and that Casseday, not Gribble, was the owner of the land at the time Stone and Giddings acquired a lien or title thereto, and at the time this suit was instituted, and hence Gribble ought not to recover if he only held an incumbrance. That if Gribble had any debt against Casseday, which was not admitted, but denied, that the same was not in writing but barred by the statute of limitation of two years. The four years statute was also pleaded. Appellants also plead an outstanding title in Sam Casseday.

That Gribble has the title in his own name to many tracts of land owned by Casseday; that Casseday has made many sales pretended as Gribble's agent, more than sufficient to pay off his debt, if any; that an accounting ought to be forced between them, and all the remaining lands in Gribble's name ought to be sold before the land in controversy should be taken for any balance that might be due Gribble.

Trial before the judge without a jury, and judgment for Gribble for eighty-four dollars and sixty-two cents, with one per cent per month since the twenty third of December, 1879,

which was declared to be a lien against the land as against appellants Nye and Fisher. Judgment was also rendered against Casseday for five hundred and forty-one dollars and seventy-one cents, upon his confession of judgment filed and presented to the court during the progress of the trial. All the defendants except Casseday filed a motion for new trial, which was overruled and they gave notice of appeal, filed bond and assigned errors.

*Robert E. Huff* and *Herring & Kelley*, for appellants: It was not competent for plaintiff by amendment to convert the suit into one having for its object the establishment and foreclosure of a mortgage, while the suit as instituted was purely one of trespass to try title. Appellants had no notice of any suit except for the recovery of the land.

That the case could not be changed to a foreclosure suit, they cited Erskine v. Wilson, 27 Texas, 117; Moreland v. Barnhart, 44 Texas, 283; Bell v. Alexander, 6 Texas, 531.

That appellants were entitled to notice of the amendment, they cited Morrison v. Walker, 22 Texas, 18; Carter v. Eames, 44 Texas, 546.

The deed to Gribble contained no description of the nature or even mention of his debt against Casseday, and the record of the deed could not affect appellants with notice of its existence as a mortgage; citing Revised Statutes, articles 4304, 4297, 4332, 4334, 4342; Wade on Notice, sections 186, 178, 190.

The court erred in finding and deciding that the abstract of judgment in favor of Heber Stone et al. v. W. A. Casseday, which was filed and recorded in Clay county, did not constitute a lien on the property in controversy. Said abstract of judgment was filed and recorded prior to the filing of Gribble's deed. The evidence was insufficient to show that said abstract was not duly indexed. The presumption always obtains that officers do their duty until the contrary is shown. Record is good without index, read in order, they cited, Revised Statutes, articles 4297, 3153, 4299, 4304, 4338; Throckmorton v. Price, 28 Texas, 605; Wade on Notice, sections 165, 171. Presumption as to officers doing their duty.

The court erred in giving judgment for the plaintiff for the reason that it is not legally competent for plaintiff in an action of trespass to try title to recover judgment for a monied demand and have the same declared a lien on land. A mort-

gagee can not maintain an action of trespass to try title. (Edrington v. Newland, 57 Texas, 632; Pratt v. Godwin, 61 Texas, 331; Mann v. Falcon, 25 Texas, 275, 276.)

*W. W. Flood* and *Hunter & Stewart,* for appellee: It was competent for the plaintiff Gribble, if there was doubt as to whether the instrument under which he claimed the land was a deed or mortgage, to amend his pleadings, make Casseday, the party who executed the instrument, a party to the suit, and pray, in the alternative, for a judgment against Casseday for the amount of his debt and a foreclosure of the mortgage, in the event the court should decide such instrument to be a mortgage, and not a deed; and the court did not err in overruling defendant's motion to strike out said amended petition. (Hobby's Land Law, sec. 101; Foster v. Stoneum, 11 Texas, 496.)

The court properly held that the abstract of judgment relied on by defendant as constituting a link in their chain of title was a nullity, and conferred no lien. Because, first, there was no law in force at the time said abstract was filed and recorded authorizing the registration and indexing of a judgment in Clay county so as to fix a lien on land in Wichita, notwithstanding Wichita was unorganized and attached to Clay for judicial purposes; second, the pretended abstract was not placed upon the records of Wichita, in which county the land was situated, but recorded in the judgment record of Clay, to which Wichita was attached; third, said abstract was not indexed, as required by law, neither was the record so kept as to be an index within itself. (Rev. Stats., arts. 3158, 3159; LeGierse & Co. v. Getzendaner & Ferris, 1 Texas Law Rep., 423; Freeman on Judgments, sec. 343.)

WALKER, ASSOCIATE JUSTICE. It was competent for plaintiff by amendment to frame his petition with a view to the foreclose of the lien, if his title should prove to be only a mortgage. (44 Texas, 283, Moreland v. Barnhart.)

In such amendment it was necessary to set out facts as a basis for the decree of foreclosure. Discussing a similar case, Mann v. Falcon, 25 Texas, 277, Chief Justice Wheeler well remarks: "They (the plaintiffs), were the actors seeking the aid of the court to enforce their supposed rights. They are supposed to have known what their rights were, and the facts upon which they depended, and if they were such as in any

event to entitle them to a decree of foreclosure and they desired that alternative relief in case their deed should be adjudged a mortgage instead of an absolute conveyance, they should have framed their petition with a view to that alternative aspect of the case. It was incumbent upon them to state a case which entitled them to the relief they sought."

In this case the answer among other defenses alleged that the plaintiff's deed to the land was but a mortgage. At the end of the second amended petition, plaintiff adds merely the prayer for foreclosure if the court shall find his deed to be a mortgage. There is no allegation in the pleadings of the amount of indebtedness secured. There is testimony to some indebtedness from Casseday to Gribble with testimony in the record that Casseday had conveyed other lands to Gribble also to secure Gribble for his advances in money to Casseday. Objection was made to testimony of any debt, and attention was called to the condition of the pleadings of the plaintiff on the trial, and the defect is assigned as error. There being no allegations in the petition of the fact of indebtedness, the foundation of a mortgage, and without which no lien could exist, it is evident there was no basis for the decree of foreclosure.

If the pleadings were such as to admit the testimony to the several transfers of land by Casseday to the plaintiff, decree should have provided that the sale of the Harrison five hundred and thirty-eight acres should be made after the lands of Casseday, still in Gribble's name, had been sold. The copy of the deed from Casseday to his brother was wrongfully excluded. The statutory oath (Rev. Stats., sec. 2257), does not require that search for the original be shown. This, however, is immaterial save in the action of trespass to try title.

The other copies, after Gribble's testimony, were unimportant, as in effect he had admitted them.

There was no error in the findings of the court that the omission to *index* the abstract of the judgment of Stone v. Casseday when recorded was fatal to the lien. This court has passed upon this identical act in Nye v. Moody. The certificate of the clerk does not state that he had indexed the page upon the record. There must be testimony to the indexing beyond the mere presumption of regularity in the discharge of his duties on the part of the officer charged with the duty of making the index upon recording the instrument. The clerk should certify to having indexed the paper.

The production of competent testimony to the indebtedness could be insisted upon by the defendants Nye and others claiming the land. The confession of judgment by Casseday could not conclude the rights of the other defendants in the land. The action of the court below was correct in limiting it to a personal judgment against Casseday. Casseday was properly made a party defendant when the plaintiff changed his petition so as to attempt to secure in his action his rights as a mortgagee.

For the error in decreeing foreclosure in absence of pleadings authorizing such decree the judgment below must be reversed.

*Reversed and remanded.*