## J. C. WEBB v. J. L. WIGINTON & COMPANY.

### Decided April 24, 1909.

**1.—Sequestration—Exemplary Damages.**

To entitle one to recover exemplary damages for the wrongful suing out of a writ of sequestration both malice and the want of probable cause must exist.

**2.—Same—Charge.**

An instruction that in order to find that the writ of sequestration was sued out maliciously it is not required that the evidence should show that the plaintiff had actual enmity toward the defendant, and that if the plaintiff had

rented the property to the defendant for a term and not by the month and, knowing that he had rented it for a term, sued out the writ of sequestration, the same would be malicious, was upon the weight of evidence in that it told the jury that certain facts would constitute malice, and was misleading in that the jury had the right to conclude that the existence of malice alone would be sufficient to warrant a recovery of exemplary damages.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Collins & Cummings,* for appellant.

*Morrow & Smithdeal,* for appellees.

RAINEY, Chief Justice.—Appellant brought this suit on September 18, 1907, against the appellees to recover the possession of a store building which it was claimed had been rented to appellees who held possession thereof, they claiming their lease had not expired, though in fact it had expired September 1, 1907. A sequestration was sued out by appellant on the ground, in effect, that he feared they would make use of their possession of said premises to convert the fruits and revenues produced by the same to their own use.

The appellees answered by general denial, and specially controverting the affidavit for sequestration and filed a plea of reconvention for both actual and examplary damages for the malicious and wrongful suing out of the sequestration. A trial resulted in a verdict and judgment for both actual and exemplary damages, from which this appeal is taken.

We will only discuss one of the assignments of error, as that one only presents error, which is as follows: "The court erred in giving special charge No. 1, requested by the defendant, which is as follows: 'In order to find that the writ of sequestration was sued out maliciously, it is not required that the evidence should show that the plaintiff had actual enmity towards the defendants, but if the plaintiff had rented the property to the defendants for a term and not by the month and, knowing that he had rented it for a term, sued out the writ of sequestration the same would be malicious.'"

To entitle the awarding of exemplary damages for the wrongful suing out of a writ of sequestration both malice and the want of probable cause must exist. (Culberson v. Cabeen, 29 Texas, 247; Lynch v. Burns, 79 S. W., 1084.)

In the case of Culberson v. Cabeen, *supra,* where the question of malice and probable cause are discussed, the court says: " 'In a legal sense,' says Mr. Greenleaf in his work on Evidence, vol. 2, sec. 453, 'any unlawful act done wilfully and purposely to the injury of another is, as against that person, malicious.' It need not imply malignity, nor even corruption, in the appropriate sense of these terms. Any improper motive constitutes malice in the sense it is here used. Drake, Attachment, sec. 733. The question of malice is for the jury, to be determined from the facts and circumstances proved. And so the question of probable cause, though a mixed question of law and fact, may ordinarily and properly be submitted to the jury, and the

existence of probable cause may be implied by the jury from such facts and circumstances as lead to the inference that the party was actuated by an honest and reasonable conviction of the justice of his suit, or, with reference to this case, of the existence of the facts on which he based his application for the attachment. But, in order to have this effect, it should appear that such facts and circumstances, or so much of them as was sufficient to induce the belief, were communicated or known to the party before he commenced his proceedings."

The special charge requested and given, under the circumstances, was upon the weight of the evidence, that is, it tells the jury that certain facts would constitute malice, but malice alone is not sufficient upon which to award exemplary damages in the absence of the want of probable cause. It takes both elements to warrant the finding of exemplary damages. Whether or not the want of probable cause existed under all of the facts and circumstances in evidence should have been submitted to the jury for their determination. The court's main charge told the jury if the writ was sued out wilfully and maliciously, to find exemplary damages against plaintiff. Nothing was said therein about the want of probable cause as an element necessary for such finding. The special charge was misleading in that they had the right to conclude the existence of malice alone was sufficient to authorize a recovery for exemplary damages. This charge was error, and will cause a reversal, unless the amount of the judgment for exemplary damages, $215, is remitted in fifteen days, in which case it will be affirmed, and it is so ordered.

*Affirmed on remittitur.*