MILLHEISLER v. WHEELER.    (No. 7217.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1924.)

1. Sequestration ⬅➡21—Malice and want of probable cause necessary for punitive damages.

To recover exemplary damages for wrongful sequestration it must be shown that the writ was obtained maliciously and without probable cause; only actual damages being recoverable if it was merely wrongful.

2. Sequestration ⬅➡21—Under evidence probable cause for issuance and no malice.

As respects right to punitive damages, evidence held to show probable cause apparent for issuance of writ of sequestration, and not to show malice.

Error from District Court, Hidalgo County; L. J. Polk, Judge.

Action by J. E. Millheisler against Cecil C. Wheeler, with cross-action by defendant. Judgment was adverse to plaintiff, and he brings error. Reversed and remanded.

Gause & Kirkpatrick, of Mercedes, for plaintiff in error.

Canales, Davenport & West, of Brownsville, for defendant in error.

FLY, C. J. Plaintiff in error, the plaintiff in the lower court, and so called in this

opinion, instituted suit against Cecil O. Wheeler, alleging that defendant was his tenant and had failed to pay rents due him on land rented by plaintiff to defendant, and plaintiff sought to recover $785, the foreclosure of a landlord's lien on crops, and asked that a writ of sequestration be issued. The sequestration writ was issued and levied on certain crops which were replevied by plaintiff. The cause was submitted to a jury on special issues, and upon the responses thereto judgment was rendered in favor of plaintiff for $91.94, and in favor of defendant, on his cross-action, for the sum of $392 actual damages, and $1,000 exemplary damages, for wrongfully suing out the writ of sequestration.

The evidence showed that plaintiff was was the owner of a tract of land in Hidalgo county, containing about 32 acres, which he rented to defendant in 1921, to be planted in corn, and for the rental of which defendant was to pay one-third of the crop of corn. Again the land was rented to defendant in 1922, with the agreement that it be planted in cabbage, lettuce, beets, carrots, and cotton, one-third of the cabbage and one-fourth of the other named crops to be paid as rental to plaintiff. Plaintiff bound himself to pay for the water necessary for irrigating the crops. Defendant did not pay one-third of the corn raised on the land in 1921, nor did he pay the rents he had agreed to pay in 1922, but sold the crop of corn in 1921, and appropriated most of plaintiff's portion to his own use, and sold a large portion of the crops raised in 1922, and had appropriated the proceeds to his own use, when this suit was instituted and the remainder of the crops sequestrated. The jury found the market value of the cabbage sold by defendant to be $127.69, and the value of the other crops sold by him to be $422.31. They also found that plaintiff's conduct gave defendant ground to believe that defendant had the right to sell the crops and account for the proceeds. It was also found that plaintiff dispossessed defendant of the premises by the writ of sequestration and prevented him from receiving water for irrigation purposes; that a failure to receive water depreciated the value of the crops in the sum of $453.34; that the value of the crops on the land when the writ of sequestration was executed was

265 S.W.—49

$112. The jury found that plaintiff was actuated by malice in suing out the writ of sequestration, and found for defendant $1,000 as exemplary damages.

The uncontroverted testimony showed that a part of the corn crop of 1921, and a large portion of the different crops raised in 1922, were sold and appropriated by defendant without the knowledge or consent, either express or implied, of plaintiff, and a large part of the proceeds of the corn and all the proceeds of the other crops were appropriated by defendant. Defendant had without authority sold the produce and at a place other than that named in the contract. Plaintiff had cause to believe that, while the suit was pending, the remaining produce might be appropriated or destroyed. He tried but failed to get a settlement of the rent before suing.

[1, 2] In order to recover exemplary damages in case of the issuance of a writ of sequestration malice must be shown. Where it is merely wrongful only actual damages can be recovered. A verdict for exemplary damages for a wrongful sequestration is never authorized unless it appears from the evidence that it was obtained wrongfully, maliciously, and without probable cause. Harris v. Finberg, 46 Tex. 79; Vance v. Lindsey, 60 Tex. 286; Lynch v. Burns (Tex. Civ. App.) 79 S. W. 1084; Webb v. Wiginton, 55 Tex. Civ. App. 413, 118 S. W. 856; Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830. The evidence utterly fails to show a case for exemplary damages. There was probable cause apparent for the issuance of the writ of sequestration and no malice was shown. The fact that plaintiff told the irrigation company that he would no longer be responsible for the water did not show malice, but was merely defensive against a tenant who had carried the produce to a market not contemplated in the contract, and had failed and refused to pay the rent due by him, not only in that year, but in the year before. As some of the jurors stated, malice was inferred from the mere fact that the writ of sequestration was applied for, and the amount of the exemplary damages was ascertained by each juror writing his verdict, adding the several amounts together, and dividing by 12.

The judgment is reversed and the cause remanded.