## EQUITABLE CASUALTY & SURETY CO. v. NOWLIN.

### No. 7556.

Court of Civil Appeals of Texas. Austin.

Feb. 18, 1931.

Rehearing Denied March 11, 1931.

H. B. Sanders, of Dallas, for appellant.

W. H. Nunn, Sam Burnap, and Wilcox & Graves, all of Georgetown, for appellee.

McCLENDON, C. J.

Nowlin (appellee) sued the surety company (appellant) upon a bond given by the latter in favor of the former guaranteeing a building contract. Upon a directed verdict, Nowlin recovered judgment against the surety company for $4,000, the full amount of the bond, with legal interest from November 1, 1929. The surety company has appealed, and presents three points which we will consider in the following order:

1. That it was not liable because Nowlin had the right to credit the amount of his loss upon a note given the contractors in payment for the building, which note the contractors had transferred to Griffith.

2. That interest was not allowable because Nowlin had merely obligated himself to pay the amount of his loss.

3. That the court improperly admitted evidence to the effect that the mechanic's lien and note given by Nowlin to the contractors

and the assignment thereof to Griffith were not in fact executed until July 31, 1929. although bearing previous dates.

The first point presents the controlling question in the case. The material facts, which are undisputed, follow:

Nowlin as owner entered into a building and mechanic's lien contract with Perkins and Marinich (to whom we will refer as contractors), whereby the latter were to erect for the former a garage building at Georgetown, for the sum of $11,000, represented by a promissory note for that amount, payable to the order of the contractors. The contract further provided:

"It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

This contract bore date July 11, 1929, but was not acknowledged by the contractors until July 30, 1929, at Dallas, and by Nowlin until July 31, 1929, in Williamson county. The note bore date July 11, 1929. The contractors made an agreement with Griffith, under which he was to furnish them money and material to the amount of the note to be used in the construction of the building; and the contractors indorsed the note and executed an assignment of the note and mechanic's lien to Griffith. This instrument bore date July 18, 1929, but was not acknowledged until July 30, 1929, at Dallas. On July 30, 1929, the contractors applied to the surety company for a $4,000 bond guaranteeing the contract. This application stated:

"All cash to be paid when job finished. Griffith Lumber Company, Georgetown, Texas, will furnish money to pay for all labor and supplies. Percentage reserved from payments until completion—none will be paid until completed. Date work is to be commenced —soon as bond made."

On the same day the surety company executed the bond sued upon, in which the latter was "held and firmly bound unto D. D. Nowlin and all laborers, material men and subcontractors, who furnish labor or material in the building of the improvements hereinafter mentioned." The bond obligated the surety to full compliance with the contract by the contractor, and that the surety would indemnify Nowlin for all loss incurred by any default of the contractors, "and shall pay off and discharge any and all just claims of laborers, materialmen and subcontractors, for

labor and material furnished in the erection and building of said improvements."

The record shows without controversy that Griffith fully complied with his agreement with the contractors and furnished them money and material to the full amount provided in the contract, all of which was used in the building; and that the contractor then abandoned the work and Nowlin had the contract completed at a cost in excess of $4,000. This latter was done under an agreement between Nowlin and Griffith, whereby Griffith furnished the money and material and Nowlin obligated himself to pay the amount thereof. There is no issue raised upon the question of amount.

In the view we take of the case, it is immaterial whether the mechanic's lien, note, and assignment were executed so as to become effective on their respective dates or whether all of the instruments were delivered on July 31, 1929. The surety company actually knew and was charged with knowledge of the contents of the mechanic's lien which showed on its face that a negotiable promissory note had been executed in full payment of the contract price. It also knew that Griffith was financing the job, and it was charged with knowledge, if it did not in fact have it, that the note and mechanic's lien had been or would be assigned to Griffith as security for his outlay.

■ The decision of the question here presented is controlled by the case of Galbraith-Foxworth Lumber Co. v. Long (Tex. Civ. App.) 5 S.W.(2d) 162, in which a writ of error was refused by the Supreme Court. The facts in that case are in every essential the same as in the case at bar. There, however, the lumber company (assignee of the mechanic's lien note) was the plaintiff in the court below, the owner having refused to pay the note. The surety was impleaded and all parties were before the court. The same contention was made by the surety in that case as in the case at bar. The opinion in that case, which is by Chief Justice Jones of the Dallas court, gives a very careful analysis of the issues presented and of the respective rights of the parties. It was held that the provision in the mechanic's lien contract whereby the note might be credited with the amount reasonably necessary to complete the contract was an optional privilege to the owner which he might exercise instead of resorting to the liability of the surety. He was, however, not required to do so, and the opinion expressly holds he might have paid the note in full and brought his action against the surety. He was allowed his credit upon the note, but the lumber company was given judgment for the amount of that credit against the surety on the general principles of subrogation, the holding being that as between the lumber company and the surety the latter was primarily liable to the owner. We

do not think it necessary to more fully detail the views expressed by the Dallas court. The reasoning is clear and convincing and the conclusions reached are in our opinion sound.

The surety company relies upon the earlier case of Indemnity Ins. Co. v. Bassett (Tex. Civ. App.) 299 S. W. 714, by the El Paso court, in which a writ of error was also refused. We have examined the application for writ of error in the Long Case and find that one of the grounds of jurisdiction asserted was a conflict between the holding of the Dallas court in the Long Case and that of the El Paso court in the Bassett Case. We quote from the application:

"The Court of Civil Appeals for the Fifth District held in the instant case that it was the duty of plaintiffs in error to pay the full amount of the note to the Lumber Company, irrespective of the expenses incurred by them in completing the contract and of their claim for damages, and further held that plaintiffs in error might have made such a voluntary payment to the Lumber Company and thereafterwards have recovered their damages from the bonding company. The El Paso Court of Civil Appeals held, under identically the same facts, that a voluntary payment made by the owner of the property to the holder of a mechanic's lien note could not be recovered from the sureties."

We shall not attempt to distinguish or reconcile the two decisions. The holding in the Long Case we think is conclusive of the instant case, and we regard the refusal of the application for writ of error on the above-quoted ground in the application as a necessary approval of the opinion in the Long Case. For which reasons, and because we believe the Long Case was correctly decided, we follow the holding in that case.

■ The point with reference to interest is overruled. The contention in this regard is that since Nowlin had not paid Griffith the amount necessary to complete the building, but was merely under legal obligations to pay, he was not entitled to recover interest from the surety company. It is immaterial we think whether Nowlin had paid Griffith this amount. His obligation to pay was absolute and the liability of the surety to reimburse him accrued when that obligation was incurred, interest from which date at the legal rate was a proper charge.

What has already been said disposes of the objections to the evidence that the mechanic's lien contract, note, and assignment were not executed until July 31, 1929. All of these instruments were part of the same transaction, and whether they were executed at different dates has no material bearing upon the rights of the parties. Furthermore, it conclusively appears that all of these instruments were in contemplation of the parties when each was executed, and as shown by the application

for the bond, they were dependent upon the execution of that instrument.

The trial court's judgment is affirmed. Affirmed.