**GRAHAM et al. v. WALTERS et al.**

**No. 1066.**

Court of Civil Appeals of Texas. Waco.

Dec. 31, 1931.

Weatherby & Rogers, of Waco, for plaintiffs in error.

Richey & Sheehy, Bryan & Maxwell, and James P. Alexander, all of Waco, for defendants in error.

BARCUS, J.

The material facts affecting the issues on appeal in this case are practically without dispute. In May, 1929, plaintiffs in error, Arch Graham and wife, owned a $16,100 note signed by J. B. Watkins, secured by a deed of trust on 1,400 acres of land. They delivered said note to F. M. Walters and gave him a general power of attorney authorizing and empowering him to either collect the note or sell or trade same for other property on such terms and conditions as he might deem best. The power of attorney provided that if he took in the real estate which secured same or traded it for other real estate that the title to the property should be taken in the name of Graham, and then gave Walters full power to sell any real estate that might be taken by him in their name in settlement of said note. On July 18, 1929, Walters canceled and surrendered the note in consideration that the 1,400 acres of land was conveyed to him, there being at said time a prior lien against said property payable to a loan company for approximately $12,500.

Plaintiffs in error, Graham and wife, alleged they learned Walters had taken title to the property in his name in October, 1929. On January 1, 1930, Walters made a contract with C. S. Appell and S. C. Fisk to trade them the 1,400 acres of land for $5,250 cash and some property in Lakeview near Waco valued at $12,000, against which there was an indebtedness of $3,500; each of the parties taking the respective land subject to the indebtedness against same. On January 7, 1930, Walters instituted this suit against plaintiffs in error, Graham and wife, in trespass to try title, alleging that he was the owner and entitled to possession of the 1,400 acres of land. Writ of sequestration was issued and the sheriff by virtue thereof removed Graham and wife from the 1,400 acres of land on January 8th, and on January 9th Walters and Appell consummated their sale and exchange, Walters conveying the 1,400 acres of land to Appell and Fisk placing them in possession thereof, and Appell, at the request of Walters, conveying the property in Lakeview near Waco to Mrs. Schaffer. Plaintiffs in error, Graham and wife, filed their answer to Walters' suit in trespass to try title, alleging that they were the owners and entitled to the possession of the 1,400 acres of land and asked for both actual and exemplary damages against Walters and his bondsmen, C. P. Schaffer, J. D. Naler, and L. R. Roach. They also asked that their title to the 1,400 acres of land be quieted as against Appell and Fisk, Mr. and Mrs. Schaffer, J. B. Watkins, and Walters. In the alternative they asked for judgment against J. B. Watkins on their $16,100 note and that the lien on the 1,400-acre tract of land securing same be foreclosed against all parties. They further asked in the alternative for an accounting between them and F. M. Walters and C. P. Schaffer.

Appell and Fisk answered, setting up their title to the 1,400 acres of land and asked that they be quieted therein against all parties.

In answer to special issues submitted, the jury, in addition to other findings not necessary to name, found that Walters did not is-

sue the writ of sequestration without probable cause and that there was no malice on either his or Schaffer's part in having said writ issued and executed. It found that Appell and Fisk were innocent purchasers for value of the 1,400-acre tract of land.

The court entered judgment quieting the title to the 1,400-acre tract of land in Appell and Fisk and placing the title to the property in Lakeview near Waco in plaintiffs in error, Graham and wife, and gave judgment in favor of Graham and wife against Schaffer and Walters for $3,315, the balance of the $5,250 cash paid after deducting certain advances and expenses which had been paid by Walters and Schaffer in handling and closing the land deal for Graham, and denied all parties any other recovery. Plaintiffs in error alone appeal.

Plaintiffs in error and defendants in error, Appell, and Fisk have filed a motion in this court stating that all matters in controversy between them had been settled and that Graham and wife had by warranty deed conveyed to Appell and Fisk all of their interest in the 1,400-acre tract and had settled with said parties for all claims of title, rents, and right of possession they had as against them, and have asked that this court enter judgment for Appell and Fisk as against plaintiffs in error on said warranty deed. The trial court having entered judgment quieting the title to the 1,400 acres in Appell and Fisk, and appellants having filed said motion in this court, same is granted and the judgment of the trial court in so far as it affects the rights of Appell and Fisk in and to the 1,400-acre tract of land is in all things affirmed.

Plaintiffs in error contend that the judgment, in so far as it relates to their cross-action for damages against F. M. Walters and his bondsmen for having removed them from said premises under and by virtue of the writ of sequestration, should be reversed and remanded for a new trial. They make no complaint as to the judgment rendered in favor of J. B. Watkins, refusing to give them judgment against him on the note, together with a foreclosure of the lien on the land, neither do they complain of the action of the court in awarding them judgment against F. M. Walters and C. P. Schaffer for the $3,315, nor that portion of the judgment which places the title to the Lakeview property in their name.

■ Plaintiffs in error contend that the trial court erroneously submitted to the jury the issues as to whether the writ of sequestration was issued without probable cause and as to whether it was issued without malice on the part of Walters, on the theory that the evidence shows as a matter of law that Walters did not have probable cause and that it was done maliciously. We overrule these contentions. Without quoting same, we think the evidence supports the finding of the jury that the issuance of the writ was without malice on the part of Walters. Our courts uniformly hold that unless a writ of sequestration is issued both without probable cause and with malice, the defendant is not entitled to exemplary damages. Webb v. J. L. Wiginton & Co., 55 Tex. Civ. App. 413, 118 S. W. 856; Lynch v. Burns (Tex. Civ. App.) 79 S. W. 1084.

■ Plaintiffs in error further contend that the trial court erroneously placed on them the burden of proof of showing that Walters did not have probable cause and that the writ of sequestration was maliciously issued. Our courts have specifically held against this contention of plaintiffs in error. 35 Cyc. 1424; Harris v. Finberg, 46 Tex. 79; McMillan v. Moon, 18 Tex. Civ. App. 227, 44 S. W. 414.

■■ Plaintiffs in error contend that the trial court erroneously refused to instruct the jury to return a verdict in their favor against F. M. Walters and his bondsmen for their actual damage which they had sustained by virtue of having been removed from the premises under the writ of sequestration. Their contention being that since it appears affirmatively that Walters did not own the 1,400-acre tract of land at the time he instituted the suit and was not therefore entitled to possession thereof, his act in having the writ of sequestration issued and thereby removing them, was wrongful. We sustain this contention. Our courts uniformly hold that where a party has a writ of sequestration issued when as a matter of law he is not entitled thereto, same is in law wrongful and the defendant by virtue thereof is entitled to his actual damages occasioned thereby. Fred Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830; Central Transfer & Storage Co. v. Wichita Falls Motor Co. (Tex. Civ. App.) 222 S. W. 688; Cooper v. Cook (Tex. Civ. App.) 286 S. W. 334; Elam v. Carter, 55 Tex. Civ. App. 649, 119 S. W. 914. The jury having found that the writ of sequestration was not maliciously issued, precludes plaintiffs in error from recovering exemplary damages. Under the well-settled principles of law, parties may be entitled to recover actual damages without being entitled to exemplary damages occasioned by the issuance and service of a writ of sequestration.

The judgment of the trial court in so far as plaintiffs in error's action for actual damages against defendants in error, F. M. Walters, C. P. Schaffer, J. D. Naler, and L. R. Roach, is concerned, is reversed and remanded for new trial. The judgment of the trial court in all other respects, and as affecting all other parties and issues, is affirmed.

ALEXANDER, J., took no part in the consideration and disposition of this case.