**MATHES v. WILLIAMS et ux.**

No. 5060.

Court of Civil Appeals of Texas. Amarillo.

Oct. 2, 1939.

Rehearing Denied Nov. 13, 1939.

Underwood & Strickland, of Amarillo, for plaintiff in error.

H. H. Cooper, of Amarillo, for defendants in error.

FOLLEY, Justice.

This is a suit by the plaintiff in error, Roy Mathes, against the defendants in er-

ror, Johne Williams and wife, Carrie Williams, upon a mechanic's and materialman's lien note in the sum of $625, payable in monthly installments, and for foreclosure of the mechanic's and materialman's lien and a sequestration lien upon land and premises situated in Potter County, Texas, and known as Lot 1 in Block 47 of the Miller Heights Addition to the city of Amarillo, Texas. The suit also involves the cross-action of the defendants in error for damages for an alleged wrongful sequestration of the property by the plaintiff in error.

The note and lien were given in connection with a contract dated May 1, 1934, entered into between the defendants in error and R. S. McDaniel wherein the latter as contractor, with materials furnished by W. M. Moore, was to erect a four room house with bath upon the lot above mentioned, the same to constitute the homestead of the defendants in error. The contract provided that the improvements were to be completed within a period of ninety days. It further provided that the contractor was not to supply or install the plumbing, wiring or light fixtures, nor was he to furnish the labor for the painting or papering. The contract also contained the following stipulation: "It is further agreed that a failure to complete said improvements, or failure to complete the same according to contract, shall not defeat said indebtedness and lien, but in such case the indebtedness and lien upon said premises and improvements shall exist in favor of said party of the second part, his heirs and assigns, for said contract price, less such an amount as would be reasonably necessary to complete said improvements according to the said plans and specifications."

The construction of the house was begun about two weeks after the written contract was made, McDaniel having charge of the construction, securing materials and supplies from W. M. Moore. The house was never completed nor was there a substantial compliance with the building contract. On August 3, 1934, while the house was in its unfinished condition, the note and mechanic's lien contract were assigned to the plaintiff in error.

There is no statement of facts in the record, however, the trial court, who tried the case without a jury, filed findings of fact and conclusions of law which we deem sufficient to present the issues hereinafter discussed. The court found that the house was never completed according to the contract; that on August 1, 1934, the floors had not been put in the house; that the roof was not on nor were there any doors or windows in the place; that some work was done after August 1, 1934; that the windows were put in, some of the doors installed and the floor laid; that the roof was put on in the early part of 1935; that none of the sheeting on the inside of the house was put on in a workmanlike manner; that it would cost $300 to complete the contract in a workmanlike manner, exclusive of the plumbing, electric wiring and the labor in painting and papering the house; that the defendant in error, Johne Williams, tried many times to have the house completed, usually making his demands upon W. M. Moore, who always gave as his reason for not completing the building that Williams had not done the "roughing in" for the plumbing; that the contractor could have completed his part of the contract even if no plumbing work were done on the premises; that whether or not the contract was made for the benefit of W. M. Moore or R. S. McDaniel, or both of them, neither of them made any bona fide effort to complete the house within the time or in the workmanlike manner provided in the contract, nor did they, or either or them, ever notify the defendants in error, or either of them, that they would not complete the house; that at some time prior to 1937, the defendant in error, Johne Williams, demanded possession of the premises, but such demand was refused by W. M. Moore in whose possession the key to the house was kept; that early in 1937 Johne Williams entered the house by breaking a window glass and continued to occupy it until he was dispossessed by virtue of a writ of sequestration about December 29, 1937; that at the time the plaintiff in error took the assignment to the note and the mechanic's lien he knew the house in question was being constructed for a home for the defendants in error and that it was not completed, though the time for its completion had then elapsed; that the writ of sequestration was wrongfully sued out and that the defendants in error suffered actual damages of $25 and exemplary damages of $50 by reason of such wrongful sequestration; that the defendants in error had paid $10 on the note; and that Johne Williams owed on the note its face value of $625, with interest as provided therein, less the $300 necessary to complete the building, less the $10 paid on the note and less the $75 damages allowed on the cross-action

of the defendants in error. The court further found that Carrie Williams, by reason of her coverture, was not liable on the note, and that Johne Williams, in taking possession of the house did not intend to accept it as a completed job.

The trial court rendered a personal judgment against the defendant in error, Johne Williams, and in favor of the plaintiff in error, in the sum of $412.85 with interest at 10% from date of the judgment, which amount was in accordance with the above findings of fact, but denied the plaintiff in error a foreclosure of the mechanic's and materialman's lien on the property as against either of the defendants in error. From this judgment Roy Mathes prosecutes this writ of error, asserting, first, that the court erred in denying him a foreclosure of the lien.

For a reversal of the judgment upon the court's action in refusing to foreclose the lien, the plaintiff in error relies chiefly upon the authority of the case of Galbraith-Foxworth Lumber Company v. Long et al., Tex. Civ.App., 5 S.W.2d 162, which case deals with a lien upon a homestead and in which a writ of error was refused by the Supreme Court of Texas. In that case the contract contained a provision identical with the provision quoted above from the contract in the instant case to the effect that a failure to complete the improvements should not defeat the indebtedness and lien, but that in such case the indebtedness and lien should exist in favor of the contractor for the contract price, less such amount as would be reasonably necessary to complete the improvements according to the plans and specifications agreed upon. In the Long case, supra, although the improvements were not completed by the contractor and it was necessary for Long to spend $5,369.13 to complete the building according to the specifications, the court allowed a recovery for the contract price less this expenditure and a payment made by Long, and adjudged a foreclosure of the mechanic's lien in favor of the holder of the note and lien for this unpaid balance.

In reply to the contention of the plaintiff in error, the defendants in error rely mainly upon the case of Murphy et al. v. Williams, 103 Tex. 155, 124 S.W. 900, in which it was held that where a building contractor agreed with a husband and wife to build a house upon their homestead for a specified sum and abandoned the work before it was substantially completed he could not maintain an action on the contract nor enforce a lien for the work done, though he might under some circumstances recover a personal judgment for a quantum meruit, "not by force of the contract, but independent thereof". Paschall et ux. v. Pioneer Savings & Loan Co., 19 Tex.Civ.App. 102, 47 S.W. 98, 100, writ denied. The Murphy case announces the following rule (103 Tex. 155, 124 S.W. page 902): "No such lien can exist on the homestead without compliance with the constitutional provision. The debts of this kind to which that provision allows the homestead to be subjected are, 'for work and material used in constructing improvements thereon,' and for them only when 'contracted for in writing with the consent of the wife,' etc. And the lien to secure such debt is declared to be for '* * * improvements thereon as hereinbefore provided,' which plainly means improvements actually made by the use of the work and material. Both the contract and the employment of the work and material upon the homestead in compliance with it are thus made essential to the lien."

It is our opinion that the Long case and the Murphy case on the issue of foreclosure are in complete harmony with each other and announce distinct rules of law dealing with divergent situations, which rules, in their respective places, still obtain in this State. Although both cases have to do with contracts where there was a lack of substantial performance, the Murphy case deals only with a contract entire in its character containing no provision for recovery for a partial performance. The Long case, however, deals with a situation similar to that of the case before us wherein provision is made for the enforcement of the debt and lien upon partial performance of the contract. When the parties agree by written contract upon a complete performance and no provision is made for a recovery for a partial performance, the rule announced in the Murphy case, with reference to the foreclosure of the lien when there is no substantial compliance with the contract, seems to be the settled law of this State. However, when such a situation presents itself as exists in this case, and as existed in the Long case, the rule seems settled that, in a suit directly upon the contract both the debt and lien may be established for the full amount of the contract price less such amount as would be reasonably necessary to complete the improvements according to the speci-

fications agreed upon. Harrop et al. v. National Loan & Investment Co. of Detroit, Mich., Tex.Civ.App., 204 S.W. 878, writ refused; Equitable Casualty & Surety Co. v. Nowlin, Tex.Civ.App., 35 S.W.2d 1112, writ refused; North American Building & Loan Ass'n v. Bell, Tex.Civ.App., 88 S.W. 2d 633.

■ Regardless of the rule as to recovery for partial performance as above announced, it is our opinion that the pleadings of the plaintiff in error are insufficient to authorize such a recovery in the absence of a substantial performance of the contract. The plaintiff in error filed an original petition and a supplemental petition. In his original petition he brought suit for the entire amount of the note, alleging full performance of the contract, and asking for a foreclosure for the full amount of the contract price. The defendants in error answered alleging that the note and lien were void for the reason, among other things, that the contract had never been complied with and because the building had not been constructed according to the specifications. By his supplemental petition the plaintiff in error admitted that the building had not been completed as specified in the contract but alleged that the defendants in error were to do all the plumbing and wiring and that all the work in the building was completed so far as the same could be done until the defendants in error had caused to be "roughed in" the plumbing and wiring. In this connection the court found, as above stated, that the reason given Johne Williams by W. M. Moore for not completing the building was that Williams had not done the "roughing in" for the plumbing, and the court further found that the contractor could have completed the building if no plumbing work had been done. In his supplemental petition the plaintiff in error further alleged that the reasonable value of the labor and material used in the erection of the improvements was in excess of the amount of the contract price and prayed for a full recovery as in his original petition. At no place in either of his petitions did he allege that the contract contained the provision above quoted as to partial performance and at no place did he allege the amount reasonably necessary to complete the improvements according to the specifications. There was no separate count in his petitions for recovery of any amount less than the contract price. At no place in his pleadings or in his prayers for relief did he ask for a

recovery of his debt and establishment of his lien for the full contract price less the amount reasonably necessary to complete the building. In other words, he sought no recovery for partial performance. Under such pleadings, in the absence of a substantial compliance with the building contract, it is our opinion that the trial court would have been unwarranted in rendering a judgment of foreclosure under the partial performance provision of the contract. Sloan Lumber Co. v. Davis et ux., Tex.Civ. App., 19 S.W.2d 355, writ refused. Therefore, in view of the rule in the Murphy case which deprives the plaintiff in error of the right to foreclosure upon an uncompleted contract, and the further fact of the failure of the plaintiff in error by his pleadings to seek a recovery for partial performance, it is our opinion that the court did not err in refusing to render judgment foreclosing the lien upon the property involved herein.

■ The plaintiff in error further complains of the court's action in rendering judgment in favor of defendant in error, Johne Williams, upon the latter's cross-action, for $25 actual damages and $50 exemplary damages for the alleged wrongful sequestration of the premises by the plaintiff in error. The plaintiff in error asserts that under the findings of the court the sequestration was not wrongful but was a remedy to which the plaintiff in error was legally entitled. The trial court found in his findings of fact that the sheriff, acting under the writ, took possession of the property of the defendant in error, Johne Williams, took some of his personal property to another house nearby, and left some of the furniture in the yard on the lot upon which the improvements were situated. The court further found that the writ was wrongfully sued out and that the defendants in error suffered actual damages in the sum of $25 and that exemplary damages should be awarded in the sum of $50. In the absence of a statement of facts the finding of the court that the writ was wrongfully sued out is binding upon this court. Hidalgo County Water Improvement Dist. No. 2 v. San Juan State Bank & Trust Co. et al., Tex.Civ.App., 280 S.W. 845, writ refused; First State Bank of Agua Dulce v. First Nat. Bank of Robstown, Tex.Civ. App., 282 S.W. 846, writ dismissed; 3 Tex. Jur. 1120, para. 785. This finding, we think, constitutes a sufficient predicate for a judgment in favor of Williams for the $25 actual damages. Graham et al. v. Walters et

al., Tex.Civ.App., 45 S.W.2d 281, and authorities cited. But to authorize a recovery for exemplary damages in connection with the issuance of a writ of sequestration it must not only appear that the issuance was wrongful but that it was also malicious. Harris & Fox v. Finberg, 46 Tex. 79. In the case of Millheisler v. Wheeler, Tex.Civ. App., 265 S.W. 768, 769, it is said: "In order to recover exemplary damages in case of the issuance of a writ of sequestration malice must be shown. Where it is merely wrongful only actual damages can be recovered. A verdict for exemplary damages or for a wrongful sequestration is never authorized unless it appears from the evidence that it was obtained wrongfully, maliciously, and without probable cause. Harris & Fox v. Finberg, 46 Tex. 79; Vance v. Lindsey, 60 Tex. 286; Lynch v. Burns (Tex.Civ.App.) 79 S.W. 1084; Webb v. J. L. Wiginton & Co., 55 Tex.Civ.App. 413, 118 S.W. 856; Mercer Dry Goods Co. v. Fikes (Tex.Civ.App.) 211 S.W. 830." That a writ might be issued wrongfully without necessarily being issued maliciously, is elementary. In Black's Law Dictionary (Third Edition) the word "wrongful" is defined: "Injurious, heedless, unjust, reckless, unfair. * * * 'Wrongful' implies the infringement of some right, and may result from disobedience to lawful authority." In the same dictionary the term "malicious act" is defined: "A wrongful act intentionally done without legal justification or excuse; an unlawful act done wilfully or purposely to injure another." The finding that the writ in this case was wrongfully issued is not necessarily a finding that the same was issued with malicious intent or wilfully done to injure the defendants in error. Therefore, it is our opinion that the findings and conclusions of the court in this respect do not support the $50 item for exemplary damages and that to the amount of the judgment in the sum of $412.85 in favor of the plaintiff in error should be added the sum of $50, which amount was erroneously deducted from the total amount that would have been due had not this $50 offset been allowed.

 The defendant in error, Johne Williams, has not appealed from the personal judgment against him upon the note and the only complaint he makes in this court in regard thereto is the assertion in his brief that the plaintiff in error "ought not to have been permitted to recover a judgment for any sum". Therefore, unless the action of the court in this respect presents fundamental error we would be unwarranted in disturbing this portion of the judgment. On this issue we deem it sufficient to state that the pleadings of the parties and the findings and conclusions of the trial court are adequate to authorize a recovery against the defendant in error, Johne Williams, for the face amount of the note less the offsets allowed, and that such recovery does not, in our opinion, constitute fundamental error. Hillyard v. Crabtree's Adm'r, 11 Tex. 264, 62 Am.Dec. 475; Weis v. Devlin, 67 Tex. 507, 3 S.W. 726, 60 Am. Rep. 38; Gonzales College et al. v. McHugh, 21 Tex. 256, 257.

The judgment herein is reformed so as to allow the plaintiff in error a recovery in the sum of $462.85, with interest at 10% per annum from the date of the judgment, which amount includes the original amount of the judgment in the sum of $412.85 plus the sum of $50 which the trial court allowed as an offset in favor of the defendant in error, Johne Williams, and as so reformed the judgment is affirmed.

### On Motion for Rehearing.

 The plaintiff in error in a motion for rehearing vigorously attacks our holding above to the effect that the pleadings were insufficient to authorize a foreclosure for partial performance of the contract and asserts that such recovery was authorized under his prayer for general relief. While the relief granted to a party must have support in a specific or general prayer, the relief asked must be consistent with the facts alleged. In interpreting the pleading the prayer may be considered but it is subordinate to the averments of fact because the facts alleged go to the cause of action while the relief asked merely specifies the purpose of bringing the suit. 33 Tex.Jur. 466, para. 46. The prayer of a petition will not be construed as enlarging upon the petition so as to embrace a cause of action not pleaded. Arrington v. McDaniel et al., Tex. Com.App., 14 S.W.2d 1009; Nye et al. v. Gribble, 70 Tex. 458, 8 S.W. 608. In Milliken v. Smoot, 64 Tex. 171, in an opinion by Justice Stayton, it is held: "A plaintiff must recover in the right in which he sues, and upon the facts stated in his pleadings as the basis of that right, and cannot recover through a right adverse to that asserted, it matters not what the prayer of the petition may be. * * * A prayer for relief inconsistent with the facts stated as

the basis for relief is of no value whatever."

In connection with this rule announced by our Supreme Court we again call attention to the fact that the plaintiff in error failed to allege that the contract contained a provision for foreclosure upon partial performance nor did he allege the amount reasonably necessary to complete the improvements. These averments were necessary in order to have authorized the court to grant the relief under the general prayer which the plaintiff in error now contends he was entitled to. Without these fact allegations the jurisdiction of the court was not invoked to grant such relief. On the issue of jurisdiction of the court as based upon the pleadings, in Dunlap et al. v. Southerlin et al., 63 Tex. 38, 42, Justice Stayton, again speaking for the Supreme Court of Texas, said: "Courts have no more power, until their action is called into exercise by some kind of pleading, to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law as sufficient; * * *."

The motion for rehearing is overruled.