WALDEN, Judge
(dissenting).
I would reverse on authority of Equitable Life Assurance Society v. Nichols, Fla.1956, 84 So.2d 500. It correctly interprets the statute in question “as authorizing the recovery of attorney fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy.” Since there is no basis in the record to find or believe there was a wrongful withholding, the majority decision to affirm the allowance of a fee clearly conflicts.
The company was officially advised by a lawyer representing decedent’s widow that the beneficiary designation form designating Mrs. Cave as beneficiary was a forgery. From all that appears, the Company began an investigation in good faith into the matter and before the matter could be concluded, Mrs. Cave filed suit and the Company interpleaded. I feel that the Company’s conduct was reasonable under the circumstances and not unduly tardy.
*912 Black’s Law Dictionary, 4th ed., defines “wrongful” as “[i]njurious, heedless, unjust, reckless, unfair. Mathers v. Williams, Tex.Civ.App., 134 S.W.2d 853, 858.”
Of course, it would be an absurdity to suggest that any beneficiary would be satisfied with any delay in payment of the proceeds. But whether they are satisfied or not and whether they precipitate the matter by leaping forward to file suit is not the question. The question is wrongful conduct vel non and, in my judgment, any fair appraisal will conclude that the Company’s conduct nowhere came even close to meeting this criteria.
I do, therefore, dissent.