[No. 14172–4–I. Division One. October 13, 1986.]

CSR CONTRACTORS, INC., *Respondent*, v. KENDALL
CONSTRUCTION, LTD., ET AL, *Appellants*,
L. B. CURRY, ET AL, *Respondents*.

*Michael R. Scott, Mark S. Clark,* and *Hillis, Phillips, Cairncross, Clark & Martin, P.S.,* for appellants.

*D. Bruce Gardiner,* for respondent CSR Contractors.

UTTER, J.*—CSR Contractors, a subcontractor, sued Kendall Construction, a general contractor, for work performed on a job. In a trial to the court, the court awarded damages under RCW 60.04.010 for profit for work performed and for profit for work CSR was prevented from performing. We agree that the standard under RCW 60.04-

---

*This appeal was heard by a Supreme Court Justice and two retired Superior Court Judges sitting as Court of Appeals Judges Pro Tempore in Division One.

.010 is "work performed" and that a lien under that statute may not include compensation for uncompleted work. Nevertheless, because the trial court's findings are unclear as to the amount of work performed by plaintiff under its contract we remand for further findings.

In January 1979, CSR Contractors, plaintiff below, negotiated with Kendall Construction, defendant below, to install drywall for $115,000 in a 37–unit Capitol Hill townhouse project owned by third party defendants, Seventeen–Sixteen, a limited partnership. The contract price was later renegotiated to $130,000 after the City of Seattle upgraded its building code requirements.

Plaintiff commenced drywalling on July 10, 1979, and after numerous complaints about the quality of its work, was terminated on September 4, 1979, after approximately 60 percent of the drywall had been installed. Plaintiff filed timely notice of mechanics' lien against the property and sued Kendall, Seventeen–Sixteen and its general partner, Bruce Lorig, on contract and lien theories. Defendants counterclaimed plaintiff's breach

At the close of plaintiff's evidence, the trial court dismissed plaintiff's contract claims against third party defendants for lack of privity. Plaintiffs prevailed, however, on their claims on contract against Kendall Construction and for a lien against the property owned by Seventeen–Sixteen. Kendall Construction is no longer in existence. Thus, plaintiff's recovery rests almost exclusively on the viability of their lien.

The trial judge calculated the value of plaintiff's mechanics' lien at full contract damages:

| | |
|---|---|
| $130,000 | Contract price |
| 60% | Contracted for work complete |
| 78,000 | |
| +2,600 | Change order |
| 80,600 | |
| +11,561 | Lost future profit |
| 92,161 | |

−60,659    Amount already paid
$31,5[0]2    Damages/lien amount

For reasons not appearing on the record the trial judge halved successful plaintiff's $11,816.18 attorney's fee request, awarding him only $5,908.09. Defendants assign error to numerous findings and appeal the $11,561 inclusion of lost "future" profit in the lien amount. Plaintiff appeals its attorney's fee award.

The questions presented on appeal are:

1. Was there substantial evidence in the record to support a finding that plaintiff's firm had installed 60 percent of the drywall?

2. Did the trial court err in awarding a lien under RCW 60.04.010 which included compensation for profit on work not yet performed?

3. Did the trial court abuse its discretion by halving a prevailing plaintiff's statutory attorney's fee request?

I

SUBSTANTIAL EVIDENCE

Defendants argue the trial court erred when it found that plaintiff's drywall contract was 60 percent complete because defendants believe the trial court misinterpreted two exhibits and improperly valued the testimony of an interested party.

A reviewing court is constitutionally limited to inquiry into whether there is "substantial evidence" in the record to support the trial court's findings. *See, e.g., Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 575, 343 P.2d 183 (1959). "'Substantial evidence is evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premise.'" *Nichols Hills Bank v. McCool,* 104 Wn.2d 78, 82, 701 P.2d 1114 (1985) (quoting *Holland v. Boeing Co.,* 90 Wn.2d 384, 390–91, 583 P.2d 621 (1978)).

The documents at issue, exhibits 28 and 75, are draw requests, from Kendall Construction to the owner, Seventeen–Sixteen, and from Seventeen–Sixteen to its lending institution, which independently certify that 60 percent of

drywall was installed at plaintiff's termination. Testimony in support, or in excess, of the 60 percent figure was offered by CSR president L. B. Curry, by the loan officer of the lending institution, and by Kendall's construction project supervisor, Bill Hancock. These exhibits and testimony persuade this court that there is substantial evidence in the record to support the trial court's finding.

## II
## RCW 60.04.010

Defendants challenge the trial court's inclusion of lost future profits within a laborer's and materialman's lien. The statute on review provides that: "Every person performing labor upon . . . [a] structure . . . has a lien upon the same for labor performed".[1] Because lost future profits, by definition, compensate a party for work not yet performed, RCW 60.04.010 appears to preclude a lien for that amount.[2]

■ This does not, however, resolve the issue in this case. The work of the subcontractor may have been substantially completed before any work was done by his laborers. Defendants on appeal insist that the plaintiff's lien for his supervisory work should be limited to compensation for the percentage of work performed by his workmen and would limit plaintiff's lien to roughly 60 percent of the contract price.

Yet how does one value the work performed of an entre-

---

[1] Both parties confirmed on oral argument that their dispute was limited to the proper construction of RCW 60.04.010. Had plaintiff advanced its lien under RCW 60.04.110 our analysis may have been different. That statute suggests that a contractor's lien may be distinct from a laborer's and materialman's lien because it is valued "according to the terms of [the] contract". RCW 60.04.110.

[2] RCW 60.04.110 does not mention a "labor performed" standard. Thus, lost future profits may be lienable under this statute according to the terms of the contract. *See also Mathes v. Williams,* 134 S.W.2d 853 (Tex. Civ. App. 1939); *Gamble v. Woodlea Constr. Co.* 246 Md. 260, 228 A.2d 243 (1967); *Soundwall Constr. Corp. v. Moncarol Constr. Corp.,* 290 N.Y.S.2d 363, 56 Misc. 2d 892 (1968). (An emerging minority position which permits contractor's liens in the full amount of the contract damages.)

preneur? We have before us, for instance, a finding that 60 percent of the drywall had been installed. Were we to adopt this finding as the basis for calculating a subcontractor's lien amount we would, in essence, hold that an entrepreneur's work tracks that of his laborers.

In fact, however, a contractor's entrepreneurial skills are usually performed in large part before the job is started. Ideally, the planning, organizing, negotiating, etc., are complete well before the first nail is driven. In this case, plaintiff apparently even hired its supervisors and infrequently inspected the job himself. Thus, with only a nominal supervisory role, plaintiff appears to have all but completed his "work" even though its laborers had installed only 60 percent of the project.

An appellate court is not a trier of fact. Thus, we may not affirm this lien award on the correct "work performed" standard based simply on our intuition that plaintiff may have, in fact, performed all of the entrepreneurial "work" he had contracted for. There is no finding before us which segregates the subcontractor's "work performed" from that of his laborer's. Therefore, we must remand for a finding as to the percentage of plaintiff's work performed as entrepreneur.

### III
### ATTORNEY'S FEES

The trial court below awarded only half of the plaintiff's requested attorney's fees. Plaintiff substantially prevailed against all parties on its lien theory and against one of three parties on contract. Plaintiff contends that his substantially diminished award to a prevailing party was an abuse of the trial court's discretion. We do not find a justification for this substantial diminution of requested attorney's fees apparent in the record. Without the lower court's explanation of its award, there is no way to review its exercise of discretion. We have no choice but to remand for reconsideration and further findings. On remand, the court should enter a finding which segregates those attorney's

fees incurred pursuing plaintiff's successful claims from those fees incurred pursuing plaintiff's unsuccessful contract claims.

Neither party has "substantially prevailed" on appeal. Each party will bear its own attorneys fees generated on appeal.

The judgment of the trial court is affirmed in part and the case remanded for additional findings of fact, conclusions of law and judgment consistent with those conclusions.

COLE and SCHUMACHER, JJ. Pro Tem., concur.